Pvt. David J. ALI, E2, ER 19829013,
et al., Plaintiffs,

v.

The UNITED STATES of America et al.,
Defendants.

Civ. No. 68–986.

United States District Court
C. D. California.

July 2, 1968.

Nathan R. Zahm, Los Angeles, Cal., for plaintiffs.

Wm. Matthew Byrne, Jr., U. S., Atty., Frederick M. Brosio, Jr., Asst. U. S. Atty., Chief, Civil Div., Herbert M. Schoenberg, Asst. U. S. Atty., Los Angeles, Cal., for defendants.

## ORDER

STEPHENS, District Judge.

The above-entitled matter came on regularly for hearing before Honorable Albert Lee Stephens, Jr., United States District Judge, on the 28th day of June, 1968, on plaintiffs' Order to Show Cause and Temporary Restraining Order filed herein on June 20, 1968, and on plaintiffs' Application for a Three-Judge Court and request for an Interlocutory and Permanent Injunction. Plaintiffs appeared by their counsel, Nathan R. Zahm, in support of the aforementioned, and defendants appeared by Wm. Matthew Byrne, Jr., United States Attorney, Frederick M. Brosio, Jr., Assistant U. S. Attorney, Chief of Civil Division, Herbert M. Schoenberg, Assistant U. S. Attorney, by Herbert M. Schoenberg, Assistant U. S. Attorney, in opposition thereto, and the Court being fully apprised of all prior pleadings, proceedings and memoranda of law filed herein, and

■ It appearing to the Court that a Three-Judge Court need not be convened on application of a party to an action under the provisions of Title 28, United States Code, § 2282, under circumstances where the single District Court Judge assigned to hear the matter has deter-

mined that no interlocutory or permanent injunction is to issue therein; and

 It appearing further to the Court that the United States of America has the right to, and may, make war under the Constitution without the necessity of a formal declaration of war by Congress; that Congress also has the constitutional right to raise and support armies and, pursuant to that authority, may designate the persons to be called and may call any such persons or person to active duty in military service at a time when no formal declaration of war has been made by Congress; and

It also appearing that a military enlistment contract is not an insulating document which legally prevents the Government of the United States from recalling to active duty an enlistee pursuant to an act of Congress which was passed after the date of enlistment although such recall is not expressly provided for in the terms of his enlistment contract; and that in this case, the recall of the plaintiffs to active duty was not tied to their respective enlistment contracts but was predicated upon Congress' right to raise an Army as well as Public Law 89–687 and 10 U.S.C. § 673a, therefore

It is ordered

1. That the application to convene a Three-Judge Court is denied;

2. That the Order to Show Cause and the Temporary Restraining Order, heretofore filed herein on June 20, 1968, are respectively discharged and dissolved;

3. That the application for an Interlocutory and Permanent Injunction is denied;

4 That the Complaint is hereby dismissed on the merits;

5. That the plaintiffs, and each of them, are granted a ten (10) day stay on appeal commencing the 28th day of June, 1968, and terminating at 12:00 midnight, on the 7th day of July, 1968, unless such stay is extended by the United States Court of Appeals for the Ninth Circuit. Said ten (10) day stay applies to any military orders to plaintiffs to report for active duty and they are not required to report for active duty while the ten (10) day stay is in effect. Costs taxed at $20.00.