**Karl WEBER, Jr., infant by his father and next friend, Karl Weber, Sr.**

v.

**Honorable Clark CLIFFORD; Honorable Stanley R. Resor; General Harold K. Johnson.**

Civ. No. 19883.

United States District Court
D. Maryland.

Sept. 20, 1968.

Claude L. Callegary, Baltimore, Md., for plaintiff.

Stephen H. Sachs, U. S. Atty., and Alan I. Baron, Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

This action has been filed by a nineteen year old soldier, with a history of rheumatic fever, against the Secretary of Defense, the Secretary of the Army and the Chief of Staff of the Army to set aside a special order to proceed to Oakland, California, for further assignment for military service in Vietnam, and to require that he be classified for limited service. Plaintiff is a citizen of Maryland, who has been stationed in Oklahoma and is now in transit, visiting his parents in Maryland. The Court issued a show cause order and defendants filed a motion to dismiss the complaint for lack of jurisdiction over the subject matter of the complaint, and for other reasons.

The Court held a prompt hearing, reserved ruling on the motion to dismiss and received evidence offered by counsel for plaintiff. The evidence shows that plaintiff had rheumatic fever when he was 14 years old; that he was bedridden for two months, and was restricted in his activities for a year. Since then he has taken penicillin tablets, 200,000 units daily. The dosage was increased to 800,-000 units a day for ten days or so on three occasions when he had a sore throat. His family physician expects him to remain on penicillin indefinitely. Nevertheless he was accepted for military service, and assigned to an artillery unit, despite the protest of his family and his doctor. There has been no evident cardiac damage and no recurrence of the rheumatic fever. The Army doctors considered him qualified for induction with no duty or assignment limitation "in accordance with existing Army Regulations".

Plaintiff's doctor challenges the assignment to Vietnam because plaintiff is susceptible to a recurrence of his rheumatic fever or other serious consequences if he develops a streptococcal infection. It seems to be agreed that streptococcal infections trigger rheumatic fever in a small group (less than 1%) of persons susceptible to that disease because of genetic or other reasons. Consequently,

wet clothing, undue fatigue, extreme changes in temperature, and lack of proper diet and rest, are much more hazardous to persons who have had rheumatic fever than to other persons. Those who have had rheumatic fever must take penicillin regularly to prevent streptococcal infections. This was recognized by the Army doctors, who increased plaintiff's daily dosage to 400,000 units. Plaintiff's doctor does not question the competency of the medical personnel serving in Vietnam, but does question the likelihood of a man in active service in the delta or in the hills or elsewhere in Vietnam being flown back by helicopter to a hospital or other medical base so that any sore throat, infection, or swelling may be checked by appropriate tests to determine whether it is a streptococcal infection likely to cause serious and permanent damage to a person like plaintiff. Other evidence, as well as common knowledge, shows that weather and other conditions in Vietnam are likely to be a far greater hazard to plaintiff than to any but a small fraction of men his age.

If the Court had jurisdiction to review the decision of the Army doctors, as it does decisions of the Deputy Commissioner in longshoremen's cases or the decisions of the Secretary in HEW cases, the Court might well overrule the decision finding plaintiff fit for service in Vietnam. But the law seems clear that the Court has no such power. In Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842, the Court, speaking through Mr. Justice Jackson, stated the following, at pp. 93–94, 73 S.Ct. at p. 540:

> "However, we are convinced that it is not within the power of the Court by habeas corpus to determine whether specific assignments to duty fall within the basic classification of petitioner
>
> \* \* \*
>
> "We know that from top to bottom of the Army the complaint is often made, and sometimes with justification, that there is discrimination, favoritism or other objectionable handling of men. But judges are not given the task of running the Army. The responsibility for setting up channels through which such grievances can be considered and fairly settled rests upon the Congress and upon the President of the United States and his subordinates. The military constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate Army matters as the Army must be scrupulous not to intervene in judicial matters. While the courts have found occasion to determine whether one has been lawfully inducted and is therefore within the jurisdiction of the Army and subject to its orders, we have found no case where this Court has assumed to revise duty orders as to one lawfully in the service."

Plaintiff has suggested that the complaint herein might be treated as a petition for a writ of habeas corpus, and relief granted thereunder. Without intimating that the relief requested might be granted in a habeas corpus proceeding, the Court notes that at the time the complaint herein was filed the proper district in which to file a habeas corpus petition must have been either in Oklahoma, where the orders were issued, or in California, where plaintiff was ordered to report.

The Court has been advised that in the light of the testimony taken herein, the military authorities have voluntarily decided to give plaintiff another physical examination and to review the decision that he be sent to Vietnam. This action is highly commendable.

The motion to dismiss the complaint is hereby granted.