**John P. McABEE et al.**

**v.**

**Lieutenant Colonel Eugene MARTINEZ, Fort George G. Meade, Maryland; Honorable Clark Clifford, Pentagon, Arlington, Virginia; Honorable Stanley R. Resor, Pentagon, Arlington, Virginia; Lieutenant General Jonathan O. Seaman, Fort George G. Meade, Maryland; Colonel Charles B. Boswell, Fort George G. Meade, Maryland.**

**Civ. No. 19950.**

United States District Court
D. Maryland.

Oct. 14, 1968.

Peter R. Sherman, Washington, D. C., for plaintiffs.

Stephen H. Sachs, U. S. Atty., and Stephen D. Shawe, Asst. U. S. Atty., Baltimore, Md., for defendants.

THOMSEN, Chief Judge.

Plaintiffs, members of a recently-activated army reserve maintenance unit, stationed at Fort Meade, have been scheduled for deployment to Vietnam, and have received duty orders to that effect. They have brought this action (1) for a declaratory judgment that they have a right to receive adequate training, as required by Army Regulations before deployment to overseas duty, (2) a preliminary and permanent injunction against such deployment until they have received adequate and required training, and (3) a writ of mandamus ordering defendants (their Battalion Com-

mander, the Secretary of Defense, the Secretary of the Army, the Commanding General of the First Army, and the Commanding Officer at Fort Meade) to correct the appropriate military records to reflect the training actually received by plaintiffs.

Defendants have moved to dismiss the complaint for lack of jurisdiction; and oppose the motion for preliminary injunction for a number of reasons, discussed below.

Each plaintiff has made and filed an affidavit (A) that he has not received adequate training in his Military Occupational Specialty (MOS) or that he does not believe that he has received adequate training therein, and/or (B) that he has not received training in one or more of eight subject matter areas required before deployment overseas. On or about August 20, 1968, each plaintiff signed a form stating that he had received the required training in each of those areas. Nevertheless, each plaintiff now claims that his statement was false and that he signed the statement under "duress" so that his leave would not be deferred until such instruction was completed.

(1) The applicable regulations require that personnel "not qualified to perform duties" in their MOS be cleared from units assigned to overseas service,[1] and that prior to assignment outside the United States and its possessions, personnel receive certain training.[2]

■ It is true all agencies of the government must follow their own regulations. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (1954); Service v. Dulles, 354 U.S. 363, 77 S.Ct. 1152, 1 L.Ed.2d 1403 (1957); Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012 (1959).

Defendants do not deny that the Army, too, must observe its regulations, except perhaps in cases of emergency, when the principle *salus reipublicae suprema lex*[3] may apply. They argue, however, that the propriety of duty orders and the question whether a soldier, of whatever rank, is qualified to perform his duties in his MOS, are matters for the Army, not the Courts, to determine. Defendants' argument is supported by the law and by common sense. Orloff v. Willoughby, 345 U.S. 83, 73 S.Ct. 534, 97 L.Ed. 842 (1958); Noyd v. McNamara, 378 F.2d 538 (10 Cir. 1967), cert. den. 389 U.S. 1022, 88 S.Ct. 593, 19 L.Ed.2d 667; Weber v. Clifford, 289 F.Supp. 960 (D.Md., Sept. 20, 1968).

In this case, plaintiffs' contention that they have not received adequate training in their respective Military Occupational Specialties would require the Court to review the adequacy of the training of each of 91 men in his particular MOS, covering a wide range of skills. Defendants' affidavits show that such training was given over the years by various people some in the service and some in outside schools or factories. The witnesses may now be in foreign countries as well as in various states.

Moreover, plaintiffs had an administrative remedy through the Inspector General Complaints System, AR 20–1, Chapter 3. They did not attempt to exercise this remedy until October 2, 1968, the day before this suit was filed. The remedy appears adequate on its face,

---

1. AR. 720–10, para. 3–4, a(2).

2. Including AR. 612–35, para. 5:
   "a. (1) *Qualification and familiarization in arms.*
   (2) *Battle indoctrination.*
   (3) *Chemical, biological, radiological and nuclear training.*
   (4) *Training lectures and orientations.*

   (a) *Code of conduct.*
   (b) *Survival, evasion and escape training.*
   (c) *Oversea orientations.*"

3. Inhabitants of Springfield v. Connecticut River R. Co., 4 Cush. (Mass.) 63, 71; or, as Cicero put it, *salus populi suprema est lex.*

and has proved so in practice.[4] In the instant case, there was presented to the Court by agreement of counsel a statement by Major General Fondren, Chief of Staff, First United States Army: (1) That a full investigation is being made into the allegations made by members of the 513th Maintenance Battalion to the effect that the training records of that organization are inaccurate and they, the said members, have not had certain training that they are required to have prior to being transferred overseas; (2) That a training program has been initiated to give additional training to all individuals determined to have training deficiencies and to insure that every individual receives all training required by regulation prior to their being cleared for overseas movement; (3) That no individual will be cleared for overseas movement from the First Army, which has command over plaintiffs' unit, until it has been determined that they have received all training required by regulation.[5]

■ The law does not require nor indeed permit this Court to review the Army's conclusion whether or not a man is qualified to perform duties in his MOS. This is a very different case from those cited by counsel for plaintiff, where the Courts could consider at their usual deliberate speed the propriety of a discharge or similar matter. Harmon v. Brucker, 355 U.S. 579, 78 S.Ct. 433, 2 L.Ed.2d 503 (1958); Lamb v. Patterson, 81 U.S.App.D.C. 43, 154 F.2d 319 (1946), reversed Patterson v. Lamb, 329 U.S. 539, 67 S.Ct. 448, 91 L.Ed. 485 (1947); Nelson v. Miller, 373 F.2d 474, 481, (3 Cir. 1967); Sohm v. Fowler, 124 U.S.App.D.C. 382, 365 F.2d 915 (1966); Schwartz v. Covington, 341 F.2d 537 (9 Cir. 1965); Bland v. Connally, 110 U.S. App.D.C. 375, 293 F.2d 852 (1961).

■ This Court concludes that it has no jurisdiction to grant the relief prayed. Orloff v. Willoughby, supra; Noyd v. McNamara, supra; Weber v. Clifford, supra. If the Court had jurisdiction, it would refuse the requested preliminary injunction, based upon the affidavits, statements received in lieu of affidavit by agreement of counsel, and the law.

The complaint is hereby dismissed, without costs.

---

4. In the *Weber* case, cited above, where this Court declined jurisdiction, Weber's physical condition was reviewed by the Army and he was assigned to Korea rather than Vietnam.

5. The Court was further advised that the deployment of plaintiffs' unit to Vietnam

has been delayed several days to permit the completion of such training. Further training in each plaintiff's MOS may be given here or in Vietnam, by military personnel or by other persons familiar with the particular equipment and conditions there.