Douglas X. DRIFKA et al., Plaintiffs and Petitioners,

v.

Robert F. BRAINARD et al., Respondents.

No. 3836.

United States District Court
W. D. Washington, S. D.

Oct. 16, 1968.

Eugene G. Cushing, U. S. Atty., Charles W. Billinghurst, Asst. U. S. Atty., Tacoma, Wash., for defendants.

John Caughlan, Seattle, Wash., for plaintiffs.

## MEMORANDUM DECISION AND ORDER OF DISMISSAL

BOLDT, District Judge.

Plaintiffs and petitioners, 355 members of an Army National Guard Unit, were ordered into active duty pursuant to call-up either under Section 101(e) of Public Law 89–687, 80 Stat. 981[1] or under Section (a) of Public Law 89–687, re-enacted by Public Law 90–40 as 10 U.S.C. § 673a. Plaintiffs bring this action against their several commanding officers, the Secretary of the Army and the Secretary of Defense, praying for writ of habeas corpus, declaratory judgment, permanent injunction, mandamus, a temporary restraining order and preliminary injunction to stay military orders. Plaintiffs contend Public Law 89–687 is an unconstitutional breach of plaintiffs' enlistment contracts, and that any and all other military orders issued under Public Law 89–687 are unconstitutional. Plaintiffs also apply for the convening of a three-judge court pursuant to 28 U.S.C. § 2282.

On October 8, 1968, the court ordered defendants to show cause why a temporary restraining order should not issue and why a three-judge court should not be convened to hear and determine the action, to which defendants responded and such show cause hearing has been fully presented and considered.

Only seven cases have been cited which directly deal with the validity of Public Law 89–687:

Winters v. United States, 281 F.Supp. 289 (E.D.N.Y.1968), affirmed, 2 Cir., 390 F.2d 879;

Morse et al. v. Boswell et al. (D.Md. 1968), 289 F.Supp. 812, affirmed, 4th Cir., 1968, 401 F.2d 544;

Schwartz v. Franklin, No. 49626 (N.D. Cal.1968);

Pfile v. Corcoran (D.Colo.1968), 287 F.Supp. 554;

Goldstein v. Clifford et al., 290 F. Supp. 275, and Goldberg & Peyser v.

---

1. Pub.L. No. 89–687, § 101(e) : "Notwithstanding any other provision of law, until June 30, 1968, the President may, when he deems it necessary, order to active duty any unit of the Ready Reserve of an armed force for a period of not to exceed twenty-four months".

10 U.S.C. § 673a: "Ready Reserve: members not assigned to, or participating satisfactorily in, units

(a) Notwithstanding any other provision of law, the President may order to active duty any member of the Ready Reserve of an armed force who—
(1) is not assigned to, or participating satisfactorily in, a unit of the Ready Reserve;
(2) has not fulfilled his statutory reserve obligation; and
(3) has not served on active duty for a total of 24 months."

Clifford et al., 290 F.Supp. 275 (D.N. J.1968) [Related cases];

Ali et al. v. United States et al. (C.D. Cal.1968), 289 F.Supp. 530;

Gion v. McNamara, No. 67–1563 (C.D. Cal.1968).

■ Despite some variation in emphasis, all of the above cases except *Gion*[2] have upheld the validity of Public Law 89–687. Thus, several federal judges, having fully considered challenges to Public Law 89–687, recently have held: Public Law 89–687 is constitutional; does not breach enlistment contracts; is valid as within the "war power" of Congress; is within the power of Congress to raise and maintain the Federal Armed Forces as provided by Article I, § 8, Clause 12 of the Constitution; is in the interest of National security; 10 U.S.C. §§ 262, 263, 672 and 673 are incorporated into contracts of enlistment; is not merely prospective as enacted per 10 U.S.C. § 673; and there is no substantial constitutional question as to the statute's validity. This court has fully and carefully reviewed all of the cited decisions and the record in the present case.

On October 7, 1968, the United States Supreme Court denied applications for stay orders in five cases similar to the present one.[3] It is difficult to believe that in cases challenging the constitutionality of 89–687, a majority (eight justices) of the Supreme Court would deny stay orders if there were a substantial constitutional question as to validity of that statute, especially since there was substantial and imminent like-lihood of appellants being shipped to combat duty.

Plaintiffs' principal contention is that they are members of a State Militia and that as such may be called forth by Congress only pursuant to the limitations of Article I, § 8, Clause 15, of the Constitution. "The Congress shall have Power (Article I, Section 8) * * * To provide for calling forth the Militia to execute the Laws of the Union, suppress Insurrections and repel Invasions (Clause 15)". Plaintiffs assert that Public Law 89–687 violates that Clause and the Ninth Amendment of the Constitution in that pursuant to that statute they were called up at a time when there was no insurrection or invasion of the United States and war had not been declared.

Pursuant to its Constitutional power to raise and maintain armies, Congress has created the Army National Guard of the United States as part of the Federal Reserve military forces. 10 U.S.C. § 261.

10 U.S.C. § 3261(b) provides that one who enlists in the Army National Guard shall be concurrently enlisted as a Reserve of the Army for service in the Army National Guard of the United States. Each individual plaintiff, on his own initiative and for reasons personal to him, including draft deferment, without legal compulsion of any kind, voluntarily chose to enlist in both the Army National Guard of California and of the *United States*. Each plaintiff took and signed a written oath of enlistment in the National Guard of the United States, wherein the obligations he now seeks to avoid were plainly stated.[4]

---

2. The holding in *Gion*, that P.L. 89–687 is a violation of plaintiff's enlistment contracts and a violation of the Due Process Clause, is unpersuasive, since the court's reasoning is not stated in the holding. *Gion* was not followed in a similar case decided in the same District approximately six months after *Gion*. Ali et al. v. United States et al., supra.

3. Morse v. Boswell, 393 U.S. 802, 89 S. Ct. 41, 21 L.Ed.2d 86, supra; Berke v. MacLaughlin, 393 U.S. 802, 89 S.Ct. 42,

21 L.Ed.2d 86; Miazga v. MacLaughlin, 393 U.S. 802, 89 S.Ct. 42, 21 L.Ed.2d 86; Felberbaum v. MacLaughlin, 393 U.S. 802, 89 S.Ct. 42, 21 L.Ed.2d 86; and Looney v. MacLaughlin, 393 U.S. 802, 89 S.Ct. 42, 21 L.Ed.2d 86 (Oct. 7, 1968).

4. Despite affidavits of two plaintiffs qualifiedly asserting they had not taken the oaths, certified copies of their signed enlistment contracts on file in this proceeding conclusively show they did sign such oaths.

Having full knowledge of those obligations and having pledged obedience thereto, plaintiffs not only are members of the National Guard of California but also members of the Army National Guard of the United States.

The Court notes that Congress, in implementing the development of the Army National Guard of the United States, has stated the purpose of such Reserve components to be the establishment of trained units and persons available for active duty in Armed Forces during time of war or National emergency, and at such other times as the National security requires. 10 U.S.C. § 262. The Army National Guard of the United States has been made a Reserve component of the Armed Forces. 10 U.S.C. § 261. Upon a declaration of war or of National emergency by Congress "or when otherwise authorized by law, an authority designated by the Secretary concerned may * * * order any unit * * * of a reserve component * * * to active duty * * * ". 10 U.S.C. § 672. "In time of national emergency declared by the President after January 1, 1953, or when otherwise authorized by law, an authority designated by the Secretary concerned may * * * order any unit * * * in the Ready Reserve under the jurisdiction of that Secretary to active duty * * * ". 10 U.S.C. § 673. Finally, it should be noted that 10 U.S.C. § 3497 provides: "Members of the Army National Guard of the United States ordered to active duty shall be ordered to duty as Reserves of the Army."

■ It is abundantly clear from the applicable statutes that plaintiffs, as members of the Army National Guard of the United States since the time of enlistment, have been part of the Ready Reserve and are subject to active duty per Public Law 89–687 based on the power of Congress to raise and maintain the Federal Armies.

■■ Plaintiffs also assert that military records reflecting the training and MOS qualifications of the members of the 18th Cavalry were falsified before the unit was ordered to active duty. Plaintiffs complain that they have not yet been adequately trained. These allegations provide no grounds for relief to plaintiffs. They concern the administration of the 18th Cavalry by the Army of the United States for whatever additional training procedures may be necessary to prepare them to adequately perform assigned duties. This Court does not have jurisdiction to inquire into, to supervise, or to interfere with military matters and cannot review the Army's conclusions as to whether a soldier is qualified to perform assigned duties. Orloff v. Willoughby, 345 U.S. 83, 73 S. Ct. 534, 97 L.Ed. 842 (1953). This holding is consistent with the ruling in the recent case of McAbee v. Martinez, 291 F.Supp. 77 (D.Md., Oct. 14, 1968).

■ After full consideration of the issues involved and the authority pertaining thereto, it is the decision of this Court that no substantial constitutional question exists as to the validity of Public Law 89–687, and no other substantial issue of fact or law is presented on the record now before the Court. Accordingly, it is hereby

Ordered that the application to convene a three-judge Court, the motion for temporary restraining order and preliminary injunction to stay military orders, the application for declaratory judgment, permanent injunction and writ of mandamus, and the petition for writ of habeas corpus be and each hereby is denied. It is further

Ordered that the complaint be and hereby is dismissed for failure to state any claim within the jurisdiction of this Court to determine. As the Supreme Court has recently stated in Orloff v. Willoughby, supra, "the judiciary must be scrupulous not to interfere with legitimate Army matters * * * ".