Candido **MORALES CRESPO**, on behalf of his minor son Candido Morales Irizarry, Petitioner,

v.

Bert **PERRIN**, Commanding Officer Headquarters, U. S. Army Forces Southern Command, Puerto Rico, Jack K. Sterne, Commanding Officer, Command Support Detachment, Third Army, Ft. Buchanan, Puerto Rico, Respondents.

Civ. No. 870–69.

United States District Court,
D. Puerto Rico.

Feb. 24, 1970.

204

Roberto Jose Maldonado, San Juan, P. R., and Olaguibet Lopez Pacheco, Río Piedras, P. R., for petitioner.

Blas C. Herrero, U. S. Atty., San Juan, P. R., for respondents.

## ORDER

FERNANDEZ–BADILLO, District Judge.

This case came on for hearing on January 2, 1970 upon the show cause order issued by this Court on December 23, 1969 and the return thereto filed by respondents on December 29, 1969. Appearing for the petitioner was Mr. Olaguibeet A. Lopez Pacheco, Esq. and U. S. Attorney Blas C. Herrero, Jr. for respondents.

Statements of the attorneys for both parties having been heard, a memorandum of law requested on the issue of whether the Court lacks jurisdiction to entertain the petition for writ of habeas corpus having been filed and thoroughly examined and the Court, otherwise fully advised in the premises, finds that it lacks jurisdiction to entertain the present petition for writ of habeas corpus because it has been filed in an improper district.

Candido Morales Irizarry voluntarily enlisted into the Armed Forces of the United States on June 19, 1969 at the Armed Forces Entrance and Examining Station, Fort Brooke, Puerto Rico. Two days later he was ordered to report to the US Army Personnel Center, Fort Jackson, South Carolina. On June 30, 1969 he was transferred to Company A, 4th Battalion, 2d Brigade, US Army School/Training Center at Fort Gordon, Fort Gordon, Georgia, where he received basic training. After basic training, on September 30, 1969 Private Morales was reassigned within Fort Gordon to Company E, 8th Battalion, Third Advanced Infantry Training Brigade where he satisfactorily completed his advanced infantry training.

On November 4, 1969 petitioner received orders [1] which authorized him twenty (20) days leave before having to report to the United States Army Overseas Replacement Station, Oakland Army Terminal, Oakland, California on Decem-

1. Special Orders Number 305, from Department of the Army, Headquarters United States Army School/Training Center at Fort Gordon, Georgia, dated November 4, 1969.

ber 1, 1969. He was to be processed at Oakland for onward movement to the Republic of Vietnam.

During his leave Morales came to visit Puerto Rico and on December 1, 1969 failed to report as ordered and remained in Puerto Rico in a status of absence without leave. On December 22, 1969 he voluntarily presented himself to military authorities at Fort Buchanan. Having ascertained his status as a member of the Armed Forces, the Army authorities at Fort Buchanan began assisting the petitioner in obtaining transportation to Oakland, California. While engaged in this process petitioner's attorney filed the present petition in this Court.

Although applicant is physically present within the territorial limits of this district, he has never been assigned to an Army post within this district. When he was granted leave, he was free to come to Puerto Rico but was not required to do so.

Title 28, United States Code, Section 2241(a) provides that:

"Writs of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdiction."

This statutory language limits the power of the district courts to hear and determine a petition for writ of habeas corpus to those instances in which the applicant is "both physically present in the court's territorial jurisdiction and is detained or held in custody within that district."

United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir. 1969) states that:

* * * A member of the Armed Forces who is voluntarily in a place other than an assigned post is not in custody in that place. (pages 20–21)

Under the facts of the instant case, the present petition for writ of habeas corpus should have been filed either in Georgia where petitioner received his orders to report to Oakland, California or in California where he was ordered to report on December 1, 1969.

In Weber v. Clifford, 289 F.Supp. 960 (1968), suit was filed in the district court of Maryland where the plaintiff was home visiting his parents before having to report to Oakland, California. The petitioner had been stationed at Fort Sill, Oklahoma, when he received his orders. The court said:

"* * * Plaintiff has suggested that the complaint herein might be treated as a petition for a writ of habeas corpus, and relief granted thereunder. Without intimating that the relief requested might be granted in a habeas corpus proceeding, the Court notes that at the time the complaint herein was filed the proper district in which to file a habeas corpus petition must have been either in Oklahoma, where the orders were issued, or in California, where plaintiff was ordered to report. * * * *". (Page 961)

The sole difference between the pertinent facts of *Weber, supra,* and the case at bar is that Weber filed his petition while he was on a leave status while in this case Morales waited until he was absent without leave for over twenty-one (21) days before filing his petition.

If this Court were to entertain the present petition by distinguishing the case at bar from the *Weber* case on the basis of petitioner's absence without leave status, such a holding would have the ultimate effect of encouraging desertion in the Armed Forces. Such a determination by this Court would, in effect, stand for the proposition that should a soldier come to Puerto Rico on authorized leave and file his petition for writ of habeas corpus as in the case of *Weber,* the Court would lack jurisdiction to entertain his petition. However, should the same soldier choose to disobey the order to return to his unit after the expiration of his authorized leave and choose instead to remain in Puerto Rico absent from his unit without proper authority for a period of time subsequently returning to military control by voluntarily approaching Army authorities in Puerto Rico, the Court would find it-

self with jurisdiction. The Court cannot lend its support to this proposition.

 In view of the foregoing, this Court concludes that it is without jurisdiction to entertain the present petition for writ of habeas corpus because it has been filed in an improper district and the petitioner is not being held in the custody by the named respondents within the territorial confines of the district of Puerto Rico.

Therefore, the petition for writ of habeas corpus should be and is hereby denied. It is so ordered.