Private First Class (E-3), William Richard MECK, Petitioner,

v.

COMMANDING OFFICER, VALLEY FORGE GENERAL HOSPITAL, PHOENIXVILLE, PENNSYLVANIA

and

Secretary of the Army, Stanley Resor, Respondents.

No. 70-2116.

United States District Court, E. D. Pennsylvania.

Sept. 14, 1970.

Stephen Arinson, Arinson & Anderson, Philadelphia, Pa., for petitioner.

Louis C. Bechtle, U. S. Atty., Robert N. de Luca, Asst. U. S. Atty., Philadelphia, Pa., for respondents.

## MEMORANDUM AND ORDER

HANNUM, District Judge.

This is a petition for writ of habeas corpus by William Richard Meck seeking petitioner's release from the custody of the United States Army. Petitioner asserts that he has been unlawfully denied the opportunity to be discharged from the United States Army as a conscientious objector because of the Army's refusal to properly process his application for such discharge. An Order to Show Cause was issued and a hearing held on August 19, 1970.

Statements of the attorneys for both sides having been heard, a memorandum of law on the issue of this Court's jurisdiction having been submitted by both sides, the Court finds that it lacks jurisdiction to entertain the present petition for writ of habeas corpus because it has been filed in an improper district.

William Meck was inducted into the United States Army on June 20, 1969 and, after completion of his basic training, was assigned to the Overseas Replacement Station, Fort Lewis, Washington. Petitioner avers that during his first few months in the Army, he began to have serious doubts about participation in war in any form and accordingly submitted his first application for discharge as a conscientious objector in January of 1970. On March 18, 1970, the application for discharge was denied. On April 13, 1970, petitioner submitted a second application for discharge as a conscientious objector challenging the denial of the first application on the ground that he had not received fair interviews from the chaplain and hearing officer. In conjunction with the second application for discharge, petitioner was interviewed by his chaplain, a hearing officer and his unit commander, all of whom recommended approval of the second application. On June 16, 1970 the application was returned to petitioner by his commanding officer who refused to further process petitioner's application.

On June 19, 1970, petitioner went absent without leave from Fort Lewis and, on June 24, 1970, petitioner filed a Petition for Writ of Habeas Corpus and a Motion for Temporary Restraining Order in the Western District of Washington under Civil Action No. 4120. Petitioner's Motion for Temporary Restraining Order was denied after hearing and no further action has been taken in that case. Petitioner remained absent without leave from the United States Army until August 5, 1970 when he voluntarily surrendered himself at Valley Forge Army Hospital, Phoenixville, Pennsylvania.

Also, on that date, petitioner, through his attorneys, filed this Petition for a Writ of Habeas Corpus and a Motion for Temporary Restraining Order. The Temporary Restraining Order was granted pending this decision.

The court concludes that it is without jurisdiction over the parties and must dismiss the petitioner's writ.

**1248**

Title 28, United States Code, Section 2241(a) provides that "Writs of Habeas Corpus may be granted by \* \* \* the district courts \* \* \* within their respective jurisdictions." The district courts are therefore limited in power to hear and determine a petition for writ of habeas corpus only in those situations where the applicant "both is physically present in the court's territorial jurisdiction and is detained or held in custody within that jurisdiction." United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir.1969). "A member of the Armed Forces who is voluntarily in a place other than an assigned post is not in custody in that place." Jarrett v. Resor, 426 F.2d 213, 217 (9th Cir.1970); Morales Crespo v. Perrin, 309 F.Supp. 203, 205 (D.P.R.1970).

A member of the Armed Forces is in the custody of his commanding officer. By turning himself in at Valley Forge General Hospital, the petitioner sought to create "custody" for purposes of habeas corpus jurisdiction. However, under Army regulations, the Commanding Officer of Valley Forge General Hospital is without authority to accept custody of an absentee returning to military control. An absentee who has been dropped from the rolls of his former post as a deserter, and who returns to military control in the geographical area including Pennsylvania, Maryland and Delaware, is the responsibility of the Commanding Officer of Fort George G. Meade, Maryland [1] and is immediately placed under his command. Therefore, when the petitioner turned himself in to Valley Forge General Hospital, he immediately was placed in the "custody" of the Commanding Officer of Fort Meade. Fort Meade is not within the jurisdiction of this court so the writ will accordingly be denied for lack of jurisdiction.

---

1. AR 630–10 § 51; 1A Reg 11–6, apps. A, B, Map # A–17; 1A Reg 190–2 § 25; 1A Reg 190–5 § 6.