**Application of Jose R. PEREZ–JIMENEZ, Petitioner**

**v.**

**Melvin R. LAIRD, Secretary of Defense of the United States, et al., Defendants.**

**Civ. No. 177–71.**

United States District Court,
D. Puerto Rico,
San Juan Division.

April 30, 1971.

Olaguibeet A. Lopez-Pacheco, Hato Rey, P. R., for petitioner.

Jose A. Quiles, Wally de la Rosa, Asst. U. S. Attys., San Juan, P. R., for defendants.

## ORDER

FERNANDEZ-BADILLO, District Judge.

This case came on for hearing on April 1, 1971 upon the show cause order issued by this Court on March 9, 1971, and the return thereto filed by respondents on March 19, 1971. Appearing for the petitioner was Mr. Olaguibeet A. Lopez-Pacheco, Esq., and Mr. Wally de la Rosa, Assistant U. S. Attorney, for respondent.

Statements of the attorneys for both parties having been heard, and a memorandum of law requested on the issue of whether the Court lacks jurisdiction to entertain the petition for writ of habeas corpus having been filed and thoroughly examined, the Court, otherwise fully advised in the premises, finds that it lacks jurisdiction to entertain the present petition for writ of habeas corpus because it has been filed in an improper district.

Jose R. Perez-Jimenez voluntarily enlisted in the United States Reserve on November 23, 1968 for a period of six (6) years. On or about March 27, 1970, petitioner was officially informed that due to his unsatisfactory reserve participation, he had been recommended for involuntary order to active duty. Petitioner was activated to military duty on May 12, 1970.

On September 23, 1970, while assigned to Fort Sill, Oklahoma, petitioner submitted a request for separation based on conscientious objection, which is the subject of the instant case.

While petitioner was on leave at his home in Puerto Rico, he filed a petition for habeas corpus on December 30, 1970 which was dismissed by this Court on January 4, 1971, for lack of jurisdiction under Title 28 United States Code, Section 2241. Upon a motion for reconsideration filed on January 7, 1971, this Court heard the motion, and on January 14, 1971 the petition was again denied.

By action dated January 20, 1971, Department of the Army disapproved the request for separation based on conscientious objection.

Petitioner is a resident of Puerto Rico and a Private First Class in the United States Army, under orders from Fort Sill, Oklahoma, to report to his new duty station at Dugway Proving Grounds, Utah.

The present petition for writ of habeas corpus was filed by petitioner on March 9, 1971, while he was on leave from his former duty station, that is, Fort Sill, Oklahoma.

■■ The power to hear habeas corpus petitions is granted to federal district courts by 28 U.S.C. Section 2241, which in its pertinent part provides:

"(a) Writs of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions * * *."

It is a requirement that a petitioner be in custody within a district before that district court can hear the case. See Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898 (1948); United States ex rel. Rudick v. Laird, 412 F.2d 16 (C.A.2), cert. denied, 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969); Morales Crespo v. Perrin, 309 F.Supp. 203 (D.P.R.1970). Recently, the Federal Supreme Court has decided that it is not only sufficient for a petitioner to be "in custody" within the territorial jurisdiction of a district court, but that it is also a necessary requirement that his custodian be within the reach of the same

court. *Schlanger v. Seamans,* 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251, decided March 23, 1971.

In the instant case petitioner is neither in custody within the jurisdiction of this Court, nor is his custodian.

Therefore, the petition for writ of habeas corpus should be and is hereby denied.

It is so ordered.