**UNITED STATES of America ex rel. Lt. Norman Slade CONRAD, Relator,**

v.

**Honorable Melvin LAIRD, Secretary of the Department of Defense, and Col. Hoffman, Commanding Officer, Office of Personnel Operations, Department of the Army, Fort Benjamin Harrison, Indiana, Respondents.**

No. 69–C–630.

United States District Court,
E. D. Wisconsin.

Jan. 27, 1970.

Sander Karp, Milwaukee, Wis., for relator.

Terry Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

## MEMORANDUM AND ORDER

TEHAN, Chief Judge.

Norman Slade Conrad, a reserve officer with the R.O.T.C., has commenced the above entitled action requesting the issuance of a writ of habeas corpus. At the request of the parties, the jurisdictional questions have been argued separately and after review of the briefs, affidavits, and oral argument, the court is prepared to render its decision.

Mr. Conrad received his R.O.T.C. reserve officer status after completing the R.O.T.C. studies at the University of Wisconsin. Pursuant to an application for a deferment in order to attend law school, he was deferred. After one year, Mr. Conrad withdrew from the University of Wisconsin Law School, and is presently employed in the City of Milwaukee.

Petitioner has applied for a discharge based on a conscientious objector claim, and has been processed in the City of Milwaukee regarding this claim.[1] Petitioner is now under orders which were processed through his Commanding Officer, Colonel Hoffman, Commanding Officer, Fort Benjamin Harrison, Indiana, to report to Fort Eustis, Virginia, on February 19, 1970.

This court having considered all of the above facts determines that petitioner is voluntarily in this jurisdiction and "custody"[2] is by persons not subject to the court's processes. This action must therefore be dismissed for failure of jurisdiction over respondents. United States ex rel. Rudick v. Laird, 412 F.2d 16 (2 Cir. 1969).

Now, therefore, it is ordered: That the petition for writ of habeas corpus is hereby dismissed.

1. Petitioner had hearings in the City of Milwaukee with a psychiatrist, a Chaplain, and an officer Rank 03 or above.

2. This court does not reach the question of whether petitioner is "in custody" pursuant to the requirements of 28 U.S.C. § 2241.