UNITED STATES of America ex rel.
Paul J. WIRTZ, Petitioner,

v.

Major Albert J. SHEEHAN et al.,
Respondents.

Civ. A. No. 70–C–241.

United States District Court,
E. D. Wisconsin.

Nov. 5, 1970.

Sander N. Karp, Milwaukee, Wis., for petitioner.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

### OPINION AND ORDER

REYNOLDS, Judge.

On May 1, 1970, Paul J. Wirtz filed a petition for writ of habeas corpus with

this court. The petitioner is a reserve member of the United States Army. The petition for writ of habeas corpus challenges the Army's refusal to grant petitioner's request for a discharge from the Army as a conscientious objector.

On May 7, 1970, this court issued a temporary restraining order designed to prevent the further processing of the petitioner by the Army during the pendency of this action. The Government contends that this court is without jurisdiction to entertain the petition for writ of habeas corpus. The parties have submitted briefs on this issue and it is ready for decision. This opinion and order is limited to the threshold determination as to whether or not this court has jurisdiction to entertain the instant petition for writ of habeas corpus.

Discussion of the jurisdictional issues will perhaps be simplified by a brief statement of the relevant facts. The petitioner is a resident of Milwaukee, Wisconsin. During the summer of 1969, the petitioner attempted to enlist in the United States Army National Guard. However, during the pendency of his application, he received his order to report for induction from his local draft board. The petitioner received a postponement of his induction in order that he might enlist in the United States Army.

On August 13, 1969, petitioner enlisted in the United States Army's Officer Candidate School, Control Group Delayed, 5th Army Area. Orders were sent to the petitioner to report for basic training on December 8, 1969. Pursuant to Army Regulations AR 135–25, petitioner submitted an application for discharge from the Army as a conscientious objector. This formal application for discharge was submitted on November 25, 1969. The petitioner was granted a sixty day extension of his active duty orders to allow for processing of his claim for discharge as a conscientious objector.

The application for discharge as a conscientious objector submitted by the petitioner was sent to the United States Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana, which is located in the Southern District of Indiana. However, petitioner was notified by a letter signed by Major Charles W. Coffee, United States Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana, that he would have to submit his request for discharge to "the recruiter who enlisted you or to the Recruiting Main Station commander." The petitioner then submitted his application to respondent Major Sheehan in Milwaukee. Respondent Sheehan is the commanding officer of the United States Recruiting Command in Milwaukee, Wisconsin. The petitioner was notified by respondent Sheehan on April 20, 1970, that his discharge request had been denied by the conscientious objector review board. Petitioner was then ordered to report for active duty on May 8, 1970, at the Armed Forces Examining and Entrance Station ("AFEES") in Milwaukee, Wisconsin, which is in the Eastern District of Wisconsin.

When the petitioner enlisted in the Army, he signed a statement entitled "Statement for Enlistment (Delayed Entry Program) (Officer Candidate School)." In that statement the petitioner stated "I will be assigned to the United States Army Reserve Control Group (delayed entry), during which time I will be in a non-paid status, and will not be authorized to participate in any reserve training."

## JURISDICTION

Title 28, United States Code, § 2241, under which the present petition for writ of habeas corpus is sought, requires that the petitioner be "in custody." However, "[c]ustody does not necessarily mean actual physical detention in a jail or prison. Rather the term is synonomous (sic) with restraint of liberty." Sokol, Federal Habeas Corpus, § 6.1 at 66 (1969 ed.). See also Peyton v. Rowe, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968); Carafas v. LaVallee, 391 U.S. 234, 88 S.Ct. 1556, 20 L.Ed. 2d 554 (1968); and Jones v. Cunning-

ham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed. 2d 285 (1963). There is ample authority for the proposition that an Armed Forces reservist is, in most instances, sufficiently "in custody" to invoke the provisions of 28 U.S.C. § 2241 et seq. United States ex rel. Schonbrun v. Commanding Officer, 403 F.2d 371, 373 (2d Cir. 1968); Hammond v. Lenfest, 398 F.2d 705, 710–712 (2d Cir. 1968); Donigian v. Laird, 308 F.Supp. 449, 451 (D. Md.1969); Nason v. Secretary of the Army, 304 F.Supp. 422, 424 (D.Mass. 1969); Linsalata v. Clifford, 290 F.Supp. 338, 342 (S.D.N.Y.1968); Barr v. Weise, 293 F.Supp. 7, 9 (S.D.N.Y.1968).

■ The Government contends, however, that even if the petitioner is properly "in custody," he is not in custody within this district so as to give this court jurisdiction. I find the Government's contention to be without merit, and for the reasons set forth below, I find that this court has the requisite jurisdiction to consider the instant petition for writ of habeas corpus.

Title 28, United States Code, § 2241, states that "(a) Writs of habeas corpus may be granted by * * * the district courts * * * within their respective jurisdictions." Hence, the petitioner must be "in custody" within the jurisdiction of this court.

The petitioner presently resides in Milwaukee, Wisconsin. Virtually all of the petitioner's contacts with the Army have been in Milwaukee, Wisconsin. The petitioner's orders from the Army have all been issued from the AFEES in Milwaukee. He had all his processing for enlistment and for discharge as a conscientious objector at AFEES in Milwaukee. The petitioner was directed by the military authorities in Fort Benjamin Harrison, Indiana, to submit his application for discharge to "the recruiter who enlisted you or to the Recruiting Main Station commander," which means, in petitioner's case, to the authorities in Milwaukee. Petitioner is presently under orders to report for active duty in Milwaukee.

Action was taken on the petitioner's application for discharge outside of this district. However, the fact that the Army chooses to conduct review procedures in centralized locations which do not happen to be in this district is not in any way determinative of the present issue.

The main thrust of the Government's argument appears to be that the petitioner is in this district "voluntarily"; that is, that the Army is not compelling him to remain here. I do not find that argument persuasive. The fact that the Army has not exercised its authority to remove the petitioner from this district and has permitted him to remain in Milwaukee at his request does not mean that the petitioner is not "in- custody" of the Army in this district.

The Government maintains that the petitioner is in custody in Indiana. In my view, such a conclusion is simply contrary to the facts of this case. The only possible reason for viewing the petitioner as "in custody" in Indiana is that the headquarters of the United States Army Reserve Components Personnel Center is in Indiana. On the other hand, as noted, almost all the contacts between the Army and the petitioner have taken place in Milwaukee, Wisconsin, the petitioner resides in Milwaukee, the respondent is in Milwaukee, and the petitioner is under orders to report for active duty in Milwaukee.

The instant case is distinguishable from the case of United States ex rel. Rudick v. Laird, 412 F.2d 16 (2d Cir. 1969). In Rudick, the petitioner was on leave from his duty station at Ford Ord, California, and was under orders to report to the United States Army Overseas Replacement Center at Oakland, California, approximately two weeks later. While on leave, he filed a petition for writ of habeas corpus in the Southern District of New York. Rather than suing his commanding officer where he was stationed, the petitioner, in Rudick, was suing the Secretary of the Army and the Secretary of Defense in a New York court. The Rudick court found

that no person having custody of the petitioner could be found in the territorial jurisdiction of the court. In this case, however, the petitioner is suing his commanding officer in Milwaukee, Wisconsin, where all the contacts between the petitioner and the Army have taken place. There is no problem here with finding a custodian within the court's jurisdiction. The petitioner has named the commanding officer of the United States Army Recruiting Command in Milwaukee, Major Sheehan. It is through this commanding officer at this station in Milwaukee, Wisconsin, that the Army has exercised its control over the petitioner.

I have considered the other cases cited in the Government's brief with regard to its contention that jurisdiction is properly in Indiana and not in this court, and I have found them to be either inapplicable or not controlling upon this court and unpersuasive.[1] The Government has not argued that practical considerations or the interests of justice in any way militate toward viewing the petitioner as "in custody" in Indiana.

In light of the facts of this case, the conclusion is inescapable that the petitioner is "in custody" in this district and that, therefore, the requirements of Title 28, United States Code, § 2241, are met in that regard.[2]

Therefore, on the basis of the foregoing and the entire record herein,

It is adjudged and ordered that the present petition for writ of habeas corpus is properly brought in this judicial district and that this United States District Court has the requisite jurisdiction to consider it.

---

1. Cf. United States ex rel. Keefe v. Dulles, 94 U.S.App.D.C. 381, 222 F.2d 390 (1954); United States ex rel. McGowan v. New York State Division of Parole, 239 F.Supp. 622 (S.D.N.Y.1965); United States ex rel. O'Hare v. Eichstaedt, 285 F.Supp. 476 (N.D.Cal.1967); United States ex rel. Conrad v. Laird, 318 F.Supp. 1329 (E.D.Wis., Jan. 27, 1970).

2. See also Strait v. Laird, 3 SSLR 3152, No. C 70 751 (N.D.Cal., June 24, 1970); United States ex rel. Lohmeyer v. Laird, 318 F.Supp. 94 (D.Md., May 20, 1970); Donigian v. Laird, 308 F.Supp. 449 (D. Md.1969); Nason v. Secretary of the Army, 304 F.Supp. 422 (D.Mass.1969).