**UNITED STATES of America ex rel. Lt. Norman Slade CONRAD, Petitioner-Appellant,**

v.

**Col. John H. HOFFMAN, Commanding Officer, Office of Personnel Operations, Department of the Army, Fort Benjamin Harrison, Indiana, and Stanley R. Resor, Secretary of the Army, Respondents-Appellees.**

**No. 18349.**

United States Court of Appeals, Seventh Circuit.

Dec. 28, 1970.

---

Sander N. Karp, Greenberg, Karp & Heitzman, Milwaukee, Wis., for petitioner-appellant.

Stanley B. Miller, U. S. Atty., Paul E. Peach, Asst. U. S. Atty., Indianapolis, Ind., for respondents-appellees.

Before SWYGERT, Chief Judge, HASTINGS, Senior Circuit Judge, and REYNOLDS, District Judge.[1]

REYNOLDS, District Judge.

Norman Slade Conrad appeals from the denial of his petition for writ of habeas corpus which sought his release from the Army Reserve on the ground that the Army improperly denied him a discharge as a conscientious objector.

In September 1962, while a student at the University of Wisconsin, Conrad joined the ROTC. Two years later he became a member of the Army Reserve. In the spring of 1967, appellant began to develop the beliefs which later were to be the basis of his assertion of conscientious objection. By June 1968, the beliefs had reached such a stage of maturation that Conrad notified the Army that he claimed conscientious objector status. When the Army did not respond to this claim, Conrad sent a letter to the Army requesting discharge from the Army Reserve as a conscientious objector. The Department of the Army then furnished appellant with information concerning Army Regulation 135-25 (AR 135-25) which prescribes policies, criteria, and procedures governing the disposition of Reserve members of the Army who claim to be conscientious objectors.

Conrad then made a formal application for discharge which set in motion the hearing and interview procedures specified in AR 135-25 and culminated in an Army Conscientious Objector Review Board recommending that the application be disapproved.

The review board found that Conrad's application for conscientious objection classification was founded on "philosophical views and a personal moral code" and thus automatically disqualified Conrad from conscientious objector classification.[2] On this basis alone the board felt compelled to recommend disapproval of the application. The board further found that Conrad's beliefs were "the philosophical views of an intelligent individual"; were the product of "moral/philosophical maturation"; and that they were of a "sociological/philosophical/personal/moral code nature." The board found that appellant's beliefs were "poorly grounded in religious training and belief" and that Conrad did not establish that his beliefs stemmed from any "adult religious training that would have altered his conscience and values."

---

1. The Honorable John W. Reynolds, Judge, U. S. District Court for the Eastern District of Wisconsin, is sitting by designation.

2. Army Regulation No. 135-25 provides in part:
    "5. Eligibility for consideration.
    *     *     *     *     *
    "c. Consideration will not be given to requests for discharge based solely on conscientious objection which—
    *     *     *     *     *
    "(3) Is based upon essentially political, sociological, or philosophical views or a merely personal moral code;
    * * *."

Based upon the findings and recommendation of the review board, the application was formally disapproved and the action below was commenced seeking Conrad's discharge.

Appellant contends that the district court, in finding a basis in fact for the Army's denial of conscientious objector classification, applied the wrong standard in determining the question of whether or not appellant's beliefs entitled him to be classified as a conscientious objector.

The district court found "affirmative evidence" to support the review board's determination that Conrad's beliefs were such as to be grounds for automatic disqualification as a conscientious objector, i. e., they were founded on philosophical views and a personal moral code, and the court concluded that his beliefs were not " 'based on religious training and belief' within the meaning of 50 U.S.C. App. § 456(j) as enunciated in U. S. v. Seeger, 380 U.S. 163 [85 S.Ct. 850, 13 L.Ed.2d 733] * * *."

The record demonstrates with clarity that the Army review board and the district court determined that Conrad was not to be granted conscientious objector classification because his beliefs were not based on "religious" training and belief, using the word "religious" in its traditional and formal sense, but rather that they developed from "other stimuli." Conrad's beliefs were deemed to have arisen from philosophical and moral considerations.

Conscientious objector status is to be afforded to any person "who, by reason of religious training and belief, is conscientiously opposed to participation in war in any form." 50 U.S.C. App. § 456(j). The Supreme Court has interpreted the phrase "religious training and belief" to embrace "[a] sincere and meaningful belief which occupies in the life of its possessor a place parallel to that filled by the God of those admittedly qualifying for the exemption

* * *." United States v. Seeger, 380 U.S. 163, 176, 85 S.Ct. 850, 859, 13 L. Ed.2d 733 (1965). More recently, and since the district court's decision in this matter, the Supreme Court has further elaborated on its interpretation of "religious training and belief." Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). There it was held that, under Seeger, all that is necessary for a person's conscientious objection to all war to be religious under 50 U.S.C. App. § 456(j) "is that this opposition to war stem from the registrant's moral, ethical, or religious beliefs about what is right and wrong and these beliefs be held with the strength of traditional religious convictions." Welsh v. United States, supra, at 340, 90 S.Ct at 1796.

The holding of the Welsh case requires reversal of the order entered by the district court since it appears that the order was based on the view that 50 U.S.C. App. § 456(j) does not contemplate conscientious objection based on deeply held moral or ethical considerations but requires that it be based on more conventional religious training. United States v. Rink, 430 F.2d 647 (7th Cir. 1970).

The Government urges affirmance of the district court's order on the ground that Conrad's beliefs were not sincerely held. The district court made no finding with respect to the sincerity with which Conrad held his beliefs. The Army review board did not believe that "he was truthful or sincere in his stated religious beliefs." A fair interpretation of that finding, particularly in light of the board's determination that Conrad's beliefs were philosophical and moral in origin, would be that the board did not feel Conrad was sincere in ascribing a traditional religious foundation to the beliefs he held.

The order of the district court is reversed, and the case is remanded with directions to enter an order granting the writ of habeas corpus.