**UNITED STATES of America ex rel.
Paul J. WIRTZ, Petitioner,**

v.

**Major Albert J. SHEEHAN, Commanding
Officer, United States Army Recruiting
Command, Milwaukee, Wisconsin and
Stanley R. Resor, Secretary of the
Army, Respondents.**

**Civ. A. No. 70-C-241.**

United States District Court,
E. D. Wisconsin.

June 29, 1972.

---

Sander N. Karp and Sandra A. Edhlund, Milwaukee, Wis., for petitioner.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

OPINION AND ORDER

REYNOLDS, District Judge.

This is a petition for writ of habeas corpus brought against the Army. Petitioner contends that his application for a conscientious objector discharge was improperly denied. The petitioner is a reserve member of the United States Army who was ordered to active duty. A temporary restraining order to prevent processing was issued and this court held that it had jurisdiction over this controversy. United States ex rel. Wirtz v. Sheehan, 319 F.Supp. 146 (E. D.Wis.1970). I hold now that the writ should issue.

The parties have stipulated to the facts. For purposes of this opinion, however, only two items need be set forth. Upon application for a discharge from service on the grounds of being a conscientious objector, Mr. Wirtz's petition was forwarded to the Army's Conscientious Objector Review Board for recommendation. After reviewing the case, they found as follows:

"The Board unanimously believed that PVT Wirtz's alleged conscientious objector beliefs are not truly held; are poorly grounded in religious training and belief; and any objection to war in any form he might truly hold is based solely on sociological experiences, philosophical views, and a personal moral code."

It was recommended on this basis that discharge be denied. Subsequently, by order of the Secretary of the Army, the request for discharge was returned for final disposition on the basis of the Conscientious Objector Review Board's recommendations. Whereupon Wirtz was informed of the Secretary's denial pursuant to the Board's recommendation and was ordered to report for duty.

The parties are agreed, and I find, that the basis for denial of petitioner's request for a discharge, except insofar as that basis rests on the sincerity of his beliefs, were contrary to Welsh v. United States, 398 U.S. 333, 90 S.Ct. 1792, 26 L.Ed.2d 308 (1970). With re-

gard to the Board's and Secretary's finding of insincerity, however, respondents contend 'that there exists a basis in fact in the record and that accordingly I must deny the writ. Petitioner replies first that it is impossible to separate the three grounds recommended for denial, Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971), and second, even if such separation exists, there is no basis in fact for a finding of insincerity. As I find the first of petitioner's contentions to be correct, I do not reach the second.

In United States ex rel. Conrad v. Hoffman, 435 F.2d 1273 (7th Cir. 1970), the Seventh Circuit was presented with a writ contesting the denial of a conscientious objector discharge for almost the identical grounds presented in the case now before me. The Court, after first finding the "nonreligious" grounds improper, concluded as follows:

> "The Government urges affirmance of the district court's order on the ground that Conrad's beliefs were not sincerely held. The district court made no finding with respect to the sincerity with which Conrad held his beliefs. The Army review board did not believe that 'he was truthful or sincere in his stated religious beliefs.' A fair interpretation of that finding, particularly in light of the board's determination that Conrad's beliefs were philosophical and moral in origin, would be that the board did not feel Conrad was sincere in ascribing a traditional religious foundation to the beliefs he held." 435 F.2d, at 1275.

In this case the Board, while finding that petitioner's "conscientious objector beliefs are not truly held" and that they lacked a proper foundation "in religious training and belief," went on to hold "any objection to war in any form *he might truly hold* is based solely on sociological experiences, philosophical views, and a personal moral code." (Emphasis added.) This case is indistinguishable from *Conrad.*

Likewise, this case is indistinguishable from Clay v. United States, 403 U.

S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971). The order of the Secretary of the Army denying the request for discharge in this case was based wholly upon the Board's memorandum without any indication that the finding of insincerity was the sole basis for denial. The United States Supreme Court, presented with a similar situation in *Clay,* found that the denial of the conscientious objector claim could not be sustained in such circumstances.