**Michael COONAN, Petitioner,**

**v.**

**COMMANDING OFFICER, Captain Thomas Pinter, et al., Respondents.**

**Civ. A. No. 72-C-162.**

United States District Court,
E. D. Wisconsin.

June 29, 1972.

Curry First, Milwaukee, Wis., for petitioner.

Terry E. Mitchell, Asst. U. S. Atty., Milwaukee, Wis., for respondents.

OPINION AND ORDER

REYNOLDS, District Judge.

· Petitioner, a member of the Army Reserves, has petitioned this court under Title 28 U.S.C. § 2241 for a writ of habeas corpus. He contends that his application for a conscientious objector discharge was erroneously denied by the Army. I agree.

On December 3, 1970, Coonan applied for a conscientious objector discharge from the Army. Subsequently this application was forwarded to the Army's Conscientious Objector Review Board for evaluation and recommendation. The Board concluded as follows:

"The Board unanimously believed that PVT Coonan's alleged conscientious objector beliefs are not sincerely held; are not grounded in religious training and belief (to include strongly held moral and ethical convictions); and any objection to war in any form he might truly hold is based solely on objections which existed but were not claimed prior to member's initial entry into military service and expediency. In accordance with paragraph 5c, AR 135–25, the latter 2 reasons are grounds for disqualification of a conscientious objector application if such reasons constitute the sole basis for the conscientious objector claim."

The convening authority, acting on behalf of the Secretary of the Army, adopted the recommendation of the Board and denied, without further reason, petitioner's application for discharge.

The Government concedes that the basis for denial of Coonan's request for a discharge was contrary to law except insofar as the basis rested upon the sincerity of his beliefs. The Government argues that there exists in the record a basis in fact for a finding of a lack of sincerity and that accordingly the writ must be denied. Petitioner replies first that it is impossible to separate the three grounds recommended for denial, Clay v. United States, 403 U.S. 698, 91 S.Ct. 2068, 29 L.Ed.2d 810 (1971); United States ex rel. Conrad v. Hoffman, 435 F.2d 1273 (7th Cir. 1970); and second, even if such a separation may be made, there exists no basis in fact for the finding of insincerity. As I find the first of petitioner's contentions to be correct, I do not reach the second.

The Conscientious Objector Review Board, while finding that "Coonan's alleged conscientious objector beliefs are not sincerely held," went on to hold that these beliefs were not properly grounded in religion and that "any objection to war in any form he might truly hold is based solely on objection which existed" prior to military service. The Government, as has been noted, concedes the impropriety of the latter two grounds. Reading the initial finding of a lack of sincerity against the subsequent findings that some or all of these beliefs were improperly grounded and that other beliefs which might have been sincere, were pre-existing, I cannot escape the conclusion that the Board's initial finding of a lack of sincerity may well have been limited to only those beliefs which the Board erroneously felt were on their face legally sufficient for a conscientious objector discharge. United States ex rel. Conrad v. Hoffman, supra, at 1275.

The Government cites United States ex rel. Sielen v. Hocking, Case No. 18721 (7th Cir. May 6, 1971), an unpublished per curiam opinion decided prior to the Supreme Court's judgment in Clay v. United States, supra. Assuming that decision still to be valid, in light of Clay the case before me is clearly distinguishable. In Sielen the denial of a conscientious objector status was based alternatively on a lack of sincerity or upon a lack of a proper "religious" foundation, the latter ground being improper. However, in Sielen, the erroneous ground was a "distinct alternative basis" for the denial. Thus it was found that "the error of law on that point does not taint the factual findings regarding petitioner's sincerity." As I have pointed out above, in the case before me, as in United States ex rel. Conrad v. Hoffman, supra, the Board's tainted basis cannot be said to be "distinct alternative" to the finding of a lack of sincerity.

Finally, it should be noted that as in Clay, while the recommending authority —i.e., the Board—gave reasons for its recommendation of denial, the deciding

authority, i.e., Lt. Col. Wallace acting by order of the Secretary of the Army, did not. Thus, it is impossible to determine whether the denial of petitioner's application for discharge was based upon tainted or untainted grounds, even assuming that they might be considered distinct from one another as in *Sielen*.