**ORLOFF v. LOVETT, Secretary of Defense, et al.**

No. 3851.

United States District Court
D. Columbia.

Dec. 17, 1951.

David Rein, Washington, D. C., for plaintiff.

Charles M. Irelan, U. S. Atty. Emory W. Reisinger, II, Asst. U. S. Atty., Washington, D. C., for defendant.

KIRKLAND, District Judge.

Petitioner herein, Stanley J. Orloff, is a private in the United States Army, having been inducted into the army on July 26, 1951. At the time of his induction he was twenty-seven years of age. His petition complains that he was inducted in violation of 50 U.S.C.A.Appendix, § 454(a), or in the alternative that if he was inducted under 50 U.S.C.A.Appendix, § 454(i) as a medical doctor, then he alleges that he is entitled to serve as a Doctor of Medicine in the Army

The jurisdictional question in this case must be decided before the merits can be considered. Petitioner is at present on

leave from his duty assignment with the United States Army. He voluntarily came to the District of Columbia and while here has filed this petition. The jurisdiction of this court in Habeas Corpus matters is controlled by Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898. In that case the court said, at page 190 of 335 U. S., at page 1444 of 68 S.Ct., "The question at the threshold of the case is whether the words 'within their respective jurisdictions' limit the district courts to inquiries into the causes of restraints of liberty of those confined or restrained within the territorial jurisdictions of those courts."

It is apparent from the pleadings and is admitted by the petitioner that he is not restrained within the District of Columbia, but is here voluntarily. Therefore, this court has no jurisdiction to entertain this writ. The cases of Eisentrager v. Forrestal, 84 U.S.App.D.C. 396, 174 F.2d 961, Supreme Court reversed 339 U.S. 763, 70 S.Ct. 936, 94 L.Ed. 1255, and Koki Hirota v. General of the Army MacArthur, 338 U. S. 197, 200, 69 S.Ct. 1238, 93 L.Ed. 1902, are not applicable here, since in those cases the petitioners were restrained outside of the territorial limits of the United States, therefore, under the ruling of Ahrens v. Clark, supra, this case shall be dismissed.