**Jeffrey M. ARLEN, M.D., Petitioner,**

v.

**Hon. Melvin LAIRD, Secretary of Defense, Hon. Stanley R. Resor, Secretary of the Army, Commanding Officer U. S. Sixth Army, Presidio of San Francisco, California, and Commanding Officer U. S. Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana, Respondents.**

**No. 71 Civ. 538.**

United States District Court,
S. D. New York.

April 21, 1971.

Michael N. Pollet, of Karpatkin, Ohrenstein & Karpatkin, New York City, for petitioner.

Whitney North Seymour, Jr., U. S. Atty., by Joseph P. Marro, Sp. Asst. U. S. Atty., for respondents.

EDELSTEIN, District Judge.

OPINION

This is a petition for a writ of habeas corpus brought by a First Lieutenant in the Medical Corps, United States Army Reserve. Petitioner, Jeffrey M. Arlen, attacks the Army's denial of his conscientious objector application. Petitioner moved for a preliminary injunction seeking to enjoin the respondents from requiring him to report for active duty on February 5, 1971, pursuant to Army orders issued December 29, 1970. These orders were stayed upon the consent of the parties pending a hearing and decision on the motion for a preliminary injunction. The court, with the consent of the parties, deemed petitioner's motion for a preliminary injunction to be a speaking motion for summary judgment. The stay was continued upon consent pending a decision of the motion for summary judgment.

The respondents oppose the motion for summary judgment on the grounds that this court lacks habeas corpus jurisdiction because none of the respondents are located within the jurisdictional boundaries of this court, and upon the further grounds that there exists a substantial factual basis on the record to sustain the denial of petitioner's application for discharge as a conscientious objector. Subsequent to oral argument on the motion for summary judgment the United States Supreme Court decided Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971). Further argument then was invited to provide the parties with an opportunity to brief and discuss the applicability of *Schlanger* to this case. After a consideration of the carefully drawn arguments offered by the parties and an analysis of the *Schlanger* decision and its rationale, the court is constrained to deny the motion for summary judgment because it lacks jurisdiction to determine the cause.

Schlanger v. Seamans was a petition by an Air Force enlisted man for a writ of habeas corpus. Schlanger was assigned to Moody Air Force Base, Georgia, and there was given permissive temporary duty by his superiors to attend Arizona State University for study at his own expense. Thereafter Schlanger, while he was still in Arizona, petitioned for a writ of habeas corpus in the United States District Court for Arizona, alleging that he was being detained unlawfully because his enlistment contract had been breached by the Air Force. The Secretary of the Air Force, the Commanding Officer of Moody Air Force Base, and the Commander of the Air Force Reserve Officer Training Corps program at Arizona State University were named as respondents. Of the three respondents named in the *Schlanger* complaint, the Commander of the Air Force R.O.T.C. program was the only one situated within the territorial boundaries of the Arizona District Court. It was conceded that the Commander of the R.O.T.C. program was not a custodian of Schlanger because he had no control over Schlanger inasmuch as the latter was not within his chain of command. The Supreme Court affirmed the District Court's denial of the application for a writ of habeas corpus because there was no custodian, or anyone in Schlanger's chain of command, who was a resident of Arizona. The Court held that for a district court to have jurisdiction to issue a writ of habeas corpus, in addition, to the person detained, there also must be present within the

district court's territorial jurisdiction and named as a respondent in the petition the petitioner's custodian, or one in his chain of command. Otherwise, the Court said, effective relief could not be granted.

In the case at bar, Lieutenant Arlen, a physician, is in the Medical Corps of the United States Army Reserve. He enlisted in June 1969 with the Sixth United States Army headquartered at the Presidio of San Francisco, California. Since then the petitioner has been in the inactive reserves. He has not been attached to any unit, and since January 1970 he has been residing in the jurisdiction of the Southern District of New York.

In August of 1970 the petitioner applied to the Commanding Officer, Sixth United States Army, San Francisco, California, for discharge as a conscientious objector. Thereafter, in compliance with Army Regulations,[1] petitioner was interviewed separately by a chaplain, psychiatrist, and hearing officer of the rank of captain. All of these interviews were held within the Southern District of New York. Subsequently petitioner's application for discharge was forwarded for final recommendation to the Commanding Officer, Sixth United States Army, who in turn, after recommending approval of petitioner's application, forwarded the application for decision to the Commanding Officer, United States Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana. Fort Benjamin Harrison is the command center for all inactive reservists in the country. There, on February 3, 1971, the Conscientious Objector Review Board disapproved the petitioner's application for discharge as a conscientious objector.

The respondents in this case are the Secretary of Defense, the Secretary of the Army, the Commanding Officer U. S. Sixth Army, Presidio of San Francisco, California, and the Commanding Officer U. S. Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana. It is conceded, and the

court finds, that none of the respondents in this action are within the territorial jurisdiction of this court. *Schlanger*, therefore, impels the dismissal of this petition.

Petitioner disagrees. He argues that because he is an inactive unattached reservist the decision in *Schlanger* does not apply to him. The petitioner contends that *Schlanger* held that there is no habeas corpus jurisdiction where the petitioner is an active duty serviceman attached to a unit unless the petitioner names a proper respondent who is situated within the territorial jurisdiction of the district court where suit is brought. Petitioner argues that *Schlanger* does no more than reaffirm the proposition laid down by United States ex rel. Rudick v. Laird, 412 F.2d 16 (2d Cir. 1969), that military personnel on active duty only may bring a habeas corpus petition in the territorial jurisdiction in which their commanding officers are found. In *Rudick* the Court stated that the habeas corpus statute, 28 U.S.C. § 2241, restricts the court's power to issue writs to respondents who can be found within the district. *Accord*, Switkes v. Laird, 316 F.Supp. 358 (S.D. N.Y.1970).

Petitioner relies on Donigian v. Laird, 308 F.Supp. 449 (D.Md.1969), and U.S. ex rel. Armstrong v. Wheeler, 321 F. Supp. 471 (E.D.Pa.1970) as support for his contention that this court has habeas corpus jurisdiction. These cases were petitions for writs of habeas corpus brought by army officers on inactive reserve status whose applications for discharge from the Army on conscientious objector grounds had been disapproved. In these cases none of the named respondents were situated within the territorial jurisdictions of the district courts in which the petitions were brought.

Lieutenant Donigian was a member of the United States Army Reserve. He was not attached to any unit; his activities were directed by the Reserve Officer Components Personnel Center at

1. *See* (AR) 135-25.

Fort Benjamin Harrison, Indiana. At the time of the filing of his petition for a writ of habeas corpus Lieutenant Donigian was attending school in Maryland. The court in *Donigian* stated that ordinarily habeas corpus petitions must be brought in the district in which the custodian is located. The *Donigian* court, however, was of the view that this general rule does not apply in the case of any Army reservist not attached to any unit. The court stated that the case before it was one of "the rare instances where maintenance of a habeas corpus action in a district other than that of the custodian is both permissible and preferable." *Donigian, supra,* 308 F. Supp. p. 452. The court reasoned that petitioner's custodian was not physically within the district because the Army, for its own convenience, chose to centralize its command of inactive reservists in Fort Benjamin Harrison, Indiana, rather than establish smaller commands throughout the country. As far as the Army and Lieutenant Donigian were concerned, however, the orders issued to Lieutenant Donigian had the same binding effect as if they had been issued from a local headquarters. The court then stated that, "The Army seeks to exert control over Donigian in Maryland. It can not, then, avoid the jurisdiction of this court merely because such control is exercised from a point located outside of this state." And the court further stated that, "The overpowering factor * * * is that the Army, regardless of where its physical command is located, is such a pervasive force that its effects are felt wherever those under its command are stationed." *Donigian, supra,* 308 F.Supp. at p. 453. The *Donigian* court held, therefore, that the Commander, U.S. Army Reserve Compo-

nents Personnel Center, Fort Benjamin Harrison, Indiana, was subject to its jurisdiction by virtue of the contacts he had with Maryland while exercising control over Lieutenant Donigian.

The situation in *Armstrong, supra,* was similar to that in *Donigian.* Lieutenant Armstrong also was a member of the U.S. Army Reserve not attached to any unit, and his activities also were directed by the Reserve Officer Components Personnel Center at Fort Benjamin Harrison, Indiana. Armstrong brought his petition in the Eastern District of Pennsylvania where he was pursuing his graduate studies. The court in *Armstrong* adopted the reasoning in *Donigian* and sustained its jurisdiction over the Commander of the Army Reserve Components Personnel Center, Fort Benjamin Harrison, Indiana. Its decision was based on the premise that the Commander of the Army Reserve Components Personnel Center had substantial contacts with Lieutenant Armstrong in the Eastern District of Pennsylvania through the control exercised over him there. Maintenance of the petition for a writ of habeas corpus in Pennsylvania therefore did not offend due process and traditional notions of fair play.

Both *Donigian* and *Armstrong* were decided prior to the Supreme Court's decision in Schlanger v. Seamans. Petitioner persists, nonetheless, in relying on these decisions, contending that the distinction drawn in *Donigian* and *Armstrong,* namely, the distinction between a soldier on active duty attached to a specific unit and a soldier in the inactive reserves not attached to any unit still is valid, rendering *Schlanger* inapposite to Arlen. The arguments advocated by the petitioner in this regard [2]

<hr>

2. Petitioner in his oral argument and docketed memorandum of law argues, *inter alia,* that if the distinction is not valid " * * * it would mandate that a petitioner in New York have the financial capacity to go to Indiana to sue—a requirement fraught with unconstitutional overtones. To deny Arlen the opportunity to bring a petition for the

writ in New York is to deny him the ability to petition for the writ at all! (A condition clearly unconstitutional.)" Petitioner also relies on Strait v. Laird, (9th Cir., Feb. 17, 1971), another pre-*Schlanger* decision, and a reference in Schlanger v. Seamans, 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251, to the *Donigian* opinion.

are without merit. The distinction drawn by *Donigian, Armstrong* and petitioner is no longer valid in light of *Schlanger.* The crux of the Schlanger decision was the absence of a proper respondent within the district court's territorial jurisdiction to whom a writ of habeas corpus could be issued. The Court said that "\* \* \* the absence of his [meaning the petitioner's] custodian is fatal to the jurisdiction of the Arizona District Court." *Schlanger, supra,* 401 U.S. at 491, 91 S.Ct. at 998. It is not the active or inactive duty status of the petitioner that is crucial to the jurisdictional issue; rather it is the presence or absence of the petitioner's custodian. The Supreme Court's holding precluding jurisdiction where none of the respondents are situated within the territorial jurisdiction of the district court must be considered as conclusive on the limits of habeas corpus jurisdiction in this case.

Since none of the respondents named in this petition are situated within the Southern District of New York this court lacks habeas corpus jurisdiction. Accordingly, the petition is dismissed. The stay is dissolved.

So ordered.

