**Edgardo E. RAMIREZ ALVARADO**

v.

**Colonel SAXBY, Comm. Off., Fort Buchanan—Armed Forces of United States.**

**Civ. No. 615–71.**

United States District Court, D. Puerto Rico.

Feb. 25, 1972.

Olaguibeet López-Pacheco, Hato Rey, P. R., for plaintiff.

Wally de la Rose, Asst. U. S. Atty., San Juan, P. R., for defendant.

## MEMORANDUM OPINION AND ORDER

FERNANDEZ BADILLO, District Judge.

Plaintiff, while being a member of the U. S. Army and stationed at U. S. Army Personnel Center, Overseas Replacement Station, Oakland, California, obtained leave from June 23, 1971 until July 2, 1971. On his arrival to Puerto Rico, plaintiff filed an application for Separation, Hardship or Reassignment. Said application was subsequently notified to his home base at USAOSREPLSTA, Oakland, California, for the appropriate determination. Plaintiff was attached to Third U. S. Army Group, Fort Buchanan, Puerto Rico, pending the results of the petition.[1] On July 15, 1971 Headquarters Third U. S. Army, Fort McPherson, Georgia, denied plaintiff's application for Separation, Hardship or Reassignment.

On August 12, 1971, Headquarters Third U. S. Army, Fort Buchanan, Puerto Rico, issued an amended order whereby plaintiff's previous effective order of July 21, 1971, with reporting date July 23, 1971, to the U. S. Overseas Replacement Station, Oakland, California, was changed to an effective date of

---

1. The applicable U. S. Army Regulation is AR–635–200, Chapter 6.

August 12, 1971 and a reporting date of August 15, 1971.

Since August 15, 1971 through September 16, 1971, a period of more than thirty days, plaintiff was absent without official leave.[2]

Therefore, there can be no doubt that upon the filing of the complaint on August 20, 1971 plaintiff was absent without official leave, from his current base at that time in Oakland, California.

The temporary restraining order was filed and entered on September 8, 1971, also during plaintiff's absent-without-leave period.

An amended complaint was filed on September 16, 1971, alleging jurisdiction under 28 U.S.C. § 1331, because the action arose under the Constitution, specifically under the Fifth Amendment, under 28 U.S.C. § 1391(e) and (e) (4), Rule 65 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 119.

The respondents filed on September 15, 1971 a motion to dismiss the complaint on the grounds of lack of jurisdiction if the complaint was considered by this Court as a habeas corpus and that the Court lacked jurisdiction over an injunctive action to compel an army officer to perform a discretionary duty.

Both parties having submitted their corresponding memoranda and evidence,[3] this Court is fully advised in the premises and determines:

■ Jurisdiction is lacking as to the aspect of habeas corpus. The applicable statute would be under 28 U.S.C. § 2241, if we had jurisdiction. The controlling case is Schlanger v. Seamans, Jr., 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 25 (1971), where the Supreme Court has stated that under 28 U.S.C. § 2241, it is a necessary requirement that petitioner's custodian be within the reach of the district court, thus reaffirming United States ex rel. Rudick v. Laird, 412 F.2d 16 (2d Cir.1969), cert. den. 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197.

"By not filing the petition until he was A.W.O.L., petitioner faced a further strain upon any concept of custody by a command from which he was officially detached." Benítez-Manrique v. Micheli, 439 F.2d 1173 (1st Cir.1971). See United States ex rel. Rudick v. Laird, supra, 412 F.2d at pp. 20–21, where the Circuit Court established that a member of the Armed Forces who is voluntarily in a place other than an assigned post is not in custody in that place.

At the time the complaint was filed, no respondent was within the jurisdiction of this Court that could be considered plaintiff's immediate commanding officer because plaintiff was absent without leave from the U. S. Overseas Replacement Station, Oakland, California. The commanding officer of this last military base is his custodian upon whom this Court lacks jurisdiction.

■ Having disposed of the argument as to habeas corpus jurisdiction we shall consider plaintiff's argument that jurisdiction is justified under 28 U.S.C. § 1361, pursuant to a mandamus, in that the respondents did not comply with their own regulation. Plaintiff alleges that the Army did not follow Army Regulation 635–200, paragraph 6–8(b) (1).[4]

---

**2.** Plaintiff surrendered himself voluntarily to the military authorities at Fort Buchanan, P.R., on the 16th day of September, 1971, on which date he was attached through special order #183, Headquarters Third U. S. Army, P.R., Fort Buchanan, to the Command Group and Support Detachment, pending the outcome of the present litigation.

**3.** The evidence consisted of all pertinent documents utilized by the U. S. Army in denying plaintiff's petition for Separation, Hardship or Reassignment.

**4.** "(1) If the application does not contain conclusive evidence upon which to base a clear-cut decision that relief is or is not warranted, the application and supporting evidence will be forwarded by letter to the Director of Selective Service of the State in which the individual's local board of jurisdiction is located. The letter will request a statement as to whether the circumstances presented in the application would result in deferment on the basis of undue and imminent hardship to the individual's dependent if he were being

See Feliciano v. Laird, 426 F.2d 424 (2 Cir.1970).

This contention is defeated by the fact that said regulation was changed as a result of an interim change to the Army Regulation which on June 1971 eliminated the mandatory requirement of forwarding to the State Director of Selective Service an application which did not contain conclusive evidence upon which to base a clear-cut decision.[5]

The change to Army Regulation 635–200, paragraph 6–8(b) (1) is not a published change to which A.R. 310–3, paragraph 3–13, refers to. A reading of paragraph 3–13 establishes that the requirement for an effective date to be shown in the heading only applies to Army Regulations and published changes thereto. The controlling paragraph on interim changes through electrical means, normally referred to as "message change" is contained in paragraph 1–12 of AR–310–3, which reads in its pertinent part as follows:

"1–12 Interim Changes to DA publications. a. Changes to DA publications will be published as numbered changes, except in rare instances where instructions must be disseminated immediately and a published change could not reach users before a mandatory required date. Under the most urgent circumstances, interim changes may be transmitted by means of an electrical message. * * *"

"* * * b. If a message is justified (a above), prepare the message change in the format of a published change, i. e., the exact language of the paragraph or subparagraph being changed will be concluded in the message. It is not necessary to include unchanged portions of a looseleaf page. The message will be identified as a change to the publication. * * *"

A complete reading of paragraph 1–12, demonstrates that there are three situations under which an Army Regulation can be modified: (1) revision of the whole regulation, (2) a published change to a regulation, and (3) an interior message change through electrical means.

The present situation involves an interior change which was transmitted through an electrical message, that is, DA message change 221 5052 June 1971, exhibit XXI, for defendants, which does

---

considered for induction . . . It is not mandatory in any way that the officer having discharge authority follow the recommendation of the State Director of Selective Service, but when such statement is received it will be considered in relation to the other supporting evidence. Where the need arises, the recommendation of the State Directors may be disclosed. If a report by the American National Red Cross is appropriate, it will be handled as prescribed in paragraph 6–9 b (3). All subsequent applications for hardship or dependency discharge from the same inductee or enlistee also will be referred to Selective Service. Recommendations made by the Selective Service System become part of the application for separation and will be placed in an individual's military Personnel Record Jacket, U. S. Army."

5. " * * *
Subject: Interim Change to AR 635–200
AR 635–200 is changed as follows:
Page 6–3, paragraph 6–8 is superseded as follows:

6–8. Procedure. A. Upon receipt of a written application, together with the required supporting evidence from an individual, the commanders specified in Section VI, Chapter 2, or other officers within the commanders headquarters to whom authority has been delegated, will

(1) Consider carefully the facts upon which the request is based.
(2) Procure any additional information that may be necessary to determine the validity of the request. The services of the American National Red Cross may be utilized when the information contained in the application is not considered sufficient upon which to base a decision (Par. 6–9).
(3) Take final action to approve or disapprove the application.
B. Applications upon which final action has been taken will become part of the records of the enlisted person concerned."

not require what is contained in paragraph 3–13 as applicable to published changes to Army Regulations.[6]

■ Plaintiff further contends that no notice of Army Regulation 635–200 purported amendment had been published in the Federal Register in violation of said requirement, pursuant to 5 U.S.C. §§ 553, 551 and 552. This has been decided against plaintiff in the case of Pifer v. Laird, 328 F.Supp. 649 (D.C. 1971), where Chief Judge Oliver J. Carter stated at page 652:

"Plaintiff further contends that even if the regulation does exist and was validly promulgated it nonetheless is void because it was not published in the Federal Register pursuant to the Administrative Procedure Act 5 U.S.C. § 552 and the Federal Register Act, 44 U.S.C. § 1501 et seq. These contentions are without merit. The Federal Register Act (44 U.S.C. § 1505(a)) specifically exempts from the publication requirements ' * * * those not having general applicability and legal effect or effective only against Federal agencies or persons in their capacities as officers, agents, or employees thereof:' The Administrative Procedure Act excludes from its publication requirement those matters that are: 'related solely to the internal personnel rules and practices of an agency.' (5 U.S.C. § 552(b) (2)).

Manifestly the army's regulations relating to discharge for conscientious objection are internal personnel matters within the meaning of the above exceptions. * * *"

■ Having settled the matter of the interim change to AR 635–200, we must finally determine if the Government owed plaintiff any ministerial duty.

The U. S. Army was not required to forward plaintiff's application to the Director of the Selective Service; it owed no ministerial duty to plaintiff.

Therefore, this is not a proper case for a mandamus. Prairie Band of Pottawatomie Tribe of Indians v. Udall, 355 F.2d 364 (10th Cir.1966); Hancock v. Laird, 415 F.2d 234 (9th Cir.1969).

Army Regulation 635–200, Chapter 6(4), states in its pertinent part:

"At the discretion of the Secretary of the Army, an individual may be discharged or released, as appropriate from active military service, because of . . ."

■ The power of the courts to intervene in discretionary determination of the military is extraordinarily limited. Nixon v. Secretary of the Navy, 422 F. 2d 934 (2 Cir.1970).

■ A district court lacks jurisdiction over an injunctive action to compel an army officer to perform a discretionary duty. Jarrett v. Resor, 426 F.2d 213, 216, (9th Cir.1970). The record as a whole clearly demonstrates that the Army complied and followed AR 635–200, and the court fails to find that the Army acted arbitrarily or capriciously in denying plaintiff's application for Hardship or Reassignment. Title 28 U. S.C. § 119 does not by itself grant jurisdiction to this Court.[7] Section 1391 of Title 28 U.S.C. is a venue statute for the convenience of parties. Vance Trucking Co. v. Canal Ins. Co., 4th Cir.1964, 338 F.2d 943. The Fifth Amendment to the Constitution really does not establish jurisdiction in this case and merits no further argument as to that aspect.

Therefore, it is ordered, adjudged and decreed that the temporary restraining order entered on September 8, 1971, and

---

6. Plaintiff has limited himself to argue that the interim change was not bidding because it was not published or had an effective date which would provide a uniform date to begin using as required by AR 310–3, paragraph 3–13. He did not present evidence to refute or argue the part that the change was not a rare instance, or under the most urgent circumstances, as distinguished in Wright v. Laird, 4 SSLR 3656.

7. " § 119. Puerto Rico. Puerto Rico constitutes one judicial district. * * *"

extended through mutual agreement of the parties, be and it is hereby vacated; and it is further

Ordered, adjudged and decreed that the present action be and it is hereby dismissed.