E. G. AND FLORENCE REINERT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Reinert v. Commissioner
Docket No. 11477-77.
United States Tax Court
T.C. Memo 1979-512; 1979 Tax Ct. Memo LEXIS 14; 39 T.C.M. (CCH) 770; T.C.M. (RIA) 79512; December 26, 1979, Filed *14 Held, deductions for expenses of meals, lodging, and transportation while traveling away from home in excess of amounts allowed by respondent are not allowed for lack of substantiation. Expenses for weekend trips from jobsites to home to be with family are nondeductible personal expenditures. Held,further, amount of deductions for union dues, charitable contributions, and interest determined. E. G. Reinert, pro se. Gerald W. Leland, for the respondent. DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined a deficiency of $1,897.93 in petitioners' income tax for 1974. For our decision is whether petitioners have established that they are entitled to deductions for (a) employee business expenses, (b) union dues, (c) interest expenses, and (d) charitable contributions greater in amount than allowed by respondent. [1]
FINDINGS OF FACT Some of the facts were stipulated and they are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners E. G. Reinert *15 and Florence Reinert, husband and wife, resided in Plato, Minn., at the time their petition herein was filed and during the taxable year in issue. For their calendar 1974 taxable year they filed a joint Federal income tax return. Petitioners also filed an amended return for 1974, which return is not material to the issues involved in this case. Employee business expense
During 1974 petitioner E. G. Reinert (hereinafter Reinert) worked as an electrician in South Dakota from January through July, and in North Dakota from August through November. Reinert did not work as an electrician in December. The South Dakota jobsite on which Reinert worked was a one-way distance of 140 miles from petitioners' home in Plato, Minn. Instead of commuting daily to the jobsite, Reinert obtained lodging in the area of the jobsite during the work week, returning home only on weekends. The North Dakota jobsite on which Reinert worked was a one-way distance of 200 miles from petitioners' home. While employed in North Dakota, Reinert obtained lodging in the area of the jobsite. Due to his work schedule, he only returned home once or twice during the 4 months he was employed in North Dakota. On their *16 joint return for 1974, petitioners deducted $7,611.23 as employee business expenses incurred by Reinert for meals, lodging, and transportation while employed in South and North Dakota. Petitioners computed the amount of the deduction as follows: (a) meals and lodging for 253 days at $18
per day:
$4,554.00
(b) mileage 23,072.3: 15,000 at $.15
2,250.00
8,072.3 at $.10
807.23
$7,611.23
In the statutory notice of deficiency respondent disallowed the entire deduction for lack of substantiation. Respondent subsequently conceded, based upon receipts supplied by petitioners, that Reinert had incurred deductible expenses of $37.36 for meals and $397.28 for 86 days of lodging. Respondent concedes that Reinert's employment in South and North Dakota was temporary in nature and, with the exception of the mileage driven on weekends between the jobsites and petitioners' home, the expenses incurred in connection therewith were incurred while traveling away from home and, if substantiated, are properly deductible under section 162, I.R.C. 1954. [2] Respondent contends that petitioners have not substantiated any of the expenses which were disallowed. In addition, respondent argues that even if substantiated, *17 the expenses incurred in driving between the jobsites and petitioners' home are personal, commuting expenses which are nondeductible under section 262. Employee business expense
During 1974 petitioner E. G. Reinert (hereinafter Reinert) worked as an electrician in South Dakota from January through July, and in North Dakota from August through November. Reinert did not work as an electrician in December. The South Dakota jobsite on which Reinter worked was a one-way distance of 140 miles from petitioners' home in Plato, Minn. Instead of commuting daily to the jobsite, Reinert obtained lodging in the area of the jobsite during the work week, returning home only on weekends. The North Dakota jobsite on which Reinert worked was a one-way distance of 200 miles from petitioners' home. While employed in North Dakota, Reinert obtained lodging in the area of the jobsite. Due to his work schedule, he only returned home once or twice during the 4 months he was employed in North Dakota. On their joint return for 1974, petitioners deducted $7,611.23 as employee business *18 expenses incurred by Reinert for meals, lodging, and transportation while employed in South and North Dakota. Petitioners computed the amount of the deduction as follows: (a) meals and lodging for 253 days at $18
per day:
$4,554.00
(b) mileage 23,072.3: 15,000 at $.15
2,250.00
8,072.3 at $.10
807.23
$7,611.23
In the statutory notice of deficiency respondent disallowed the entire deduction for lack of substantiation. Respondent subsequently conceded, based upon receipts supplied by petitioners, that Reinert had incurred deductible expenses of $37.36 for meals and $397.28 for 86 days of lodging. Respondent concedes that Reinert's employment in South and North Dakota was temporary in nature and, with the exception of the mileage driven on weekends between the jobsites and petitioners' home, the expenses incurred in connection therewith were incurred while traveling away from home and, if substantiated, are properly deductible under section 162, I.R.C. 1954. [2] Respondent contends that petitioners have not substantiated any of the expenses which were disallowed. In addition, respondent argues that even if substantiated, the expenses incurred in driving between the jobsites and petitioners' home *19 are personal, commuting expenses which are nondeductible under section 262. The $18-per-day figure used by petitioners to compute Reinert's meal and lodging expenses was an estimate. No receipts or records were introduced to substantiate the figure. Reinert used his own pickup truck to travel to the area of the jobsites and for necessary travel while in that area. While employed as an electrician, Reinert maintained a notebook in which, when he purchased gasoline, he recorded the pickup truck's odometer readings and the number of gallons of gasoline purchased. The first notation for 1974 is 92,375.7 miles and the last in [1]15,329.6 miles, a difference of 22,953.9. [3] Reinert did not record the time, place, or date at which the odometer readings were taken. Union dues
On their return petitioners deducted $547.44 for union dues. During 1974 Reinert paid dues as an electrician to three different union locals: (1) Local 2056 in Montana; (2) *20 local 426 in South Dakota; and (3) local 1426 in North Dakota. The Montana local was the one to which Reinert belonged. Dues were paid to the other two locals solely because Reinert worked in the jurisdictions of those locals. Respondent allowed deductions for union dues paid to the Montana and South Dakota locals in the total amount of $356.31. At issue is the deduction for dues paid to the North Dakota local in the amount of $191.13. Attached to petitioners' return are three Forms W-2 in Reinert's name. Two of the forms, showing wages in the amounts of $9,013.03 and $688.49, respectively, indicate that South Dakota is the State for which State income tax should be withheld. [4] These two Forms W-2 represent the wages earned by Reinter in South Dakota. The third Form W-2 lists wages of $11,569.23 and State income tax withholding for Minnesota. Reinert did not work in Minnesota during 1974. [5] *21 The $11,569.23 wages shown on the Form W-2 were paid for work performed in North Dakota and Reinert paid union dues to North Dakota local 1426 on these wages. Interest expense
On their return petitioners deducted $981.22 as an interest expense, $960 of which was identified as paid on a home mortgage and $21.22 of which was identified as paid to the State Bank of Morwood. Respondent disallowed the entire amount for lack of substantiation. No documentary evidence was introduced in support of either of the claimed interest deductions. Charitable contribution
On their return petitioners deducted $100 as a charitable contribution, which amount respondent disallowed for lack of substantiation. During 1974 petitioner Florence Reinert attended church every week, weather permitting, and she would make cash contributions in varying amounts of $1- $5, depending upon what money she had available. Petitioner Florence Reinert made $100 in charitable contributions during 1974. OPINION The only questions to be decided are whether petitioners have established that they are entitled to various deductions in amounts greater than allowed *22 by respondent. The issues are purely factual and the petitioners have the burden of proving the respondent's determinations to be wrong. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Employee business expense
The first issue for our decision is the amount of the employee business expenses petitioners are entitled to deduct pursuant to sections 162(a) and 62(2)(B) for expenses incurred by Reinert while traveling away from home in his employment as an electrician. During 1974 petitioner, whose home was in Plato, Minn., worked on admittedly temporary jobs in South Dakota for 6 months and in North Dakota for 4 months. Except for male and lodging expenses for which petitioners had receipts, respondent disallowed the claimed deduction for travel, meals, and lodgings for lack of substantiation. In order for petitioners to be entitled to a deduction for travel-away-from-home expenses greater in amount than allowed by respondent, the substantiation requirements of section 274(d) must be met. Section 274(d) provides, in pertinent part: Substantiation Required.--No deduction shall be allowed-- (1) under section 162 or 212 for any traveling *23 expense (including meals and lodging while away from home), * * * unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating his own statement (A) the amount of such expense * * * (B) the time and place of the travel * * * [and] (C) the business purpose of the expense * * *. The two acceptable methods of substantiation, adequate records and sufficient evidence corroborating taxpayer's own statement, are explained by regulations, [6] which regulations have been upheld. Sanford v. Commissioner,50 T.C. 823 (1968), affd. per curiam 412 F. 2d 20 (2d Cir. 1969). Based upon submitted receipts, respondent allowed petitioners a deduction for meal and lodging expenses in the amounts of $37.36 and $397.28, respectively. The only evidence introduced by petitioner in support of a claim for a greater deduction was Reinert's testimony that the $18 per day in meal and lodging expenses totaling $4,554 claimed on petitioners' joint return was less than his estimate of what he actually spent. Clearly, such testimony does not satisfy the statutory requirement that petitioners substantiate both the amount and the time of the expenses by *24 adequate records or by sufficient evidence corroborating Reinert's own statements. No record or other evidence was introduced. While we are certain that Reinert did incur meal and lodging expenses greater in amount than allowed by respondent, we can no longer approximate the amount of the expenses incurred. The purpose of section 274(d) was to prevent the courts, under Cohan v. Commissioner,39 F. 2d 540 (2d Cir. 1930), from making such approximations for those types of expenses to which section 274(d) applies. Sanford v. Commissioner,50 T.C. at 826-828. Due to the absence of sufficient evidence, we accordingly conclude that petitioners are not entitled to a deduction for meal and lodging expenses greater in amount than allowed by respondent. [7] *25 Petitioners computed their truck expenses in accordance with the optional, simplified method provided in Rev. Proc. 74-23, 1974-2 C.B. 476. Although this method relieves petitioners of establishing their actual expenses, petitioners must still establish the business mileage in accordance with the section 274(d) requirements. Thus, petitioners must establish the *26 time, place, and business purpose of the travel.[8]Sec. 1.274-5(b)(2), Income Tax Regs. This petitioners have failed to do. There is little question of when and where petitioner used his pickup truck. He drove it between his home and the jobsite in South Dakota on weekends during the first half of 1974 and on a few occasions between his home and the jobsite in North Dakota during the latter part of the year. He may have driven it at time while he was home, and presumably he drove it to and from work and elsewhere while at the jobsites. We would be inclined to accept petitioners' recorded miles traveled and gasoline purchased as corroborating evidence of the total miles the pickup truck was driven during the period covered thereby. But we have no evidence the truck was used for business-related purposes or, if so, how much. Petitioner was an electrician working at single jobsites, and we have no way of knowing why he would need a truck to perform that job. And it has been held that driving from a jobsite home on the weekends to be with one's family is a nondeductible personal expense in curred to satisfy the taxpayer's own desires *27 rather than the exigencies of the job. Carragan v. Commissioner,197 F. 2d 246 (2d Cir. 1952), affg. a Memorandum Opinion of this Court. [9] *28 And even if petitioner had testified as to the business use of the truck, we would still be lacking the required records or corroborating evidence of the business use of the truck. We sustain respondent's disallowance of the transportation expenses. Union dues
The second issue for decision is the question of petitioner's entitlement to a greater deduction than allowed by respondent for union dues. On their joint return petitioners claimed a deduction of $574.44 for union dues. Respondent allowed deductions for dues paid to two union locals in the amount of $356.31. Respondent disallowed the remainder for lack of substantiation. At issue is petitioner's claim that the amount of the disallowed deduction represents dues paid to local 1426 in North Dakota. Reinert testified that he paid dues to North Dakota local 1426 at a rate of 2 percent of wages earned in North Dakota and that these dues were withheld from his wages by his employer and paid directly to the union. He also testified that he earned approximately $12,000 while working in North Dakota. Reinert was a credible witness. Attached to petitioners' return was a Form W-2 which listed total wages of $11,569.23 for petitioner. We have found as a fact that these wages were paid for work done in North Dakota. Two percent of $11,569.23 equals *29 $231.38, an amount greater than the amount of the deduction which respondent disallowed. In the absence of a claim for the greater amount, we conclude that petitioners are entitled to an additional deduction for union dues in the amount of $191.13. Interest expense
The third issue concerns petitioners' interest expense deduction. Respondent disallowed the deduction for lack of substantiation. Petitioners have failed to establish that they are entitled to any deduction for interest expenses. On their return petitioners deducted interest expenses in the total amount of $981.22, of which $960 was indicated as paid on a home mortgage and $21.22 was indicated as paid to the State Bank of Morwood. Documentary evidence, which certainly should have been available to prove the existence of the mortgages, the amounts thereof, the interest rates, the terms of payment, and the actual amounts paid was not introduced to support either deduction. Reinert testified that in 1971 petitioners obtained a $6,000 home mortgage at 8 percent interest, payable in 6 years, at the rate of $80 per month. Reinert also testified that they paid $80 per month on the mortgage in 1974. Twelve monthly payments *30 of $80 totals $960, the same amount as the claimed interest expense deduction. We cannot believe that the entire amount of those monthly payments was interest. Eight-percent interest on the entire mortgage of $6,000 would be $480 per annum, and if petitioners made payments of $80 per month, a considerable portion of each payment was probably credited to principal, thus reducing the amount of interest due. Furthermore, payments of $80 per month for 6 years would result in total payments of only $5,760. Thus, it is impossible to determine what, if any, interest petitioners paid on a mortgage. As to the $21.22 interest deduction, Reinert identified it as being paid to the First National Bank on a $2,000 loan. On the joint return, the amount is identified as being paid to the State Bank of Morwood. Given this inconsistency and in view of the absence of any documentary evidence, which evidence in all likelihood was readily obtainable, we are not convinced that petitioners incurred an interest expense in the amount of $21.22. Accordingly, we conclude that petitioners are not entitled to any interest deduction. Charitable contribution
The final issue is whether petitioners are entitled *31 to a charitable contribution deduction. We have found as a fact that petitioner Florence Reinert did make $100 in charitable contributions. Although petitioner Florence Reinert did not testify, we found Reinert's testimony on the matter very credible. The claimed charitable contribution was reasonable in amount for someone who attended church on a weekly basis. Petitioners are entitled to the claimed deduction. Decision will be entered under Rule 155.
Footnotes
1. Due to concessions by respondent, a decision pursuant to Rule 155, Tax Court Rules of Practice and Procedure↩, will be necessary in any event.
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
3. No explanation was offered for the difference between this number and the 23,072.3 miles for which a deduction was taken.↩
4. South Dakota does not have an individual income tax, however, and no tax was withheld. ↩
5. The corporate employer listed on the Form W-2 had a Minnesota address. Minnesota requires corporations transacting business in Minnesota to withhold State income tax from wages paid to employees. Minn. Stat. Ann., sec. 290.92, subdivisions 1(4), 2(1)↩ (1961).
6. Sec. 1.274-5, Income Tax Regs.↩
7. This is one of the unfortunate situations that is encompassed with the scope of section 274 of the Code, which Congress enacted primarily to stem the abuse of entertainment-type expenses being claimed as business expenses. We doubt that Congress intended to deny deductions of reasonable amounts spent by a taxpayer for necessary meals and lodgings for himself while admittedly traveling away from home on business. Indeed, the regulations are a bit less stringent with regard to substantiation of personal meal expenditures than they are for other similar type expenses. See sec. 1.274-5(b)(2)(iii), Income Tax Regs.↩ At times the Revenue Service will allow a reasonably estimated amount as deductions for meals and lodging away from home where the taxpayer has some but not necessarily adequate records. But here petitioner had absolutely no records or corroborating evidence to support his own admittedly estimated testimony of the amount he spent for meals and lodgings while he was away from home, and there is nothing we can do to help him under the statute as enacted by Congress, despite the fact that common sense dictates that he spent more for meals and lodgings than allowed by respondent. It is easier to correct an inequity by settlement than it is by writing.
8. See Schneider v. Commissioner,T.C. Memo. 1978-447↩.
9. See also Howard v. Commissioner,T.C. Memo. 1970-88; Stephenson v. Commissioner,T.C. Memo. 1961-27; Loden v. Commissioner,T.C. Memo. 1956-29; Selby v. Commissioner,T.C. Memo. 1955-5. Rev. Rul. 54-497, 1954-2 C.B. 75, 82, which was modified or superseded on other issues by Rev. Rul. 75-169, 1975-1 C.B. 59, Rev. Rul. 75-432, 1975-2 C.B. 60, and Rev. Rul. 76-453, 1976-2 C.B. 86 (effective date suspended), provides that weekend transportation expenses of this nature may be deducted to the extent they do not exceed the otherwise deductible expenses for meals and lodgings the taxpayer would have incurred had he not returned home. See Howard v. Commissioner,supra.But here we cannot allow such substitute deductions because we have no way of knowing what petitioner's deductible expenses for meals and lodgings would have been had he not returned home; and in fact we do not know just how many weekends petitioner returned home.