154 F.3d 52
 LOCAL 538 UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF
AMERICA; Northern New England District Council of
Carpenters; Local 522 Laborers' International Union of
North America; Maine, New Hampshire and Vermont Laborers'
District Council; Bryan Bouchard, as he is Trustee,
Carpenters' Health & Welfare and Pension Fund; Beth
Sturtevant, as she is Trustee, Carpenters' Apprenticeships
and Training Fund; David P. Dow, as he is Trustee,
Carpenters' Annuity Fund; Nicholas Bonfiglio, as he is
Trustee, Massachusetts Laborers' Health and Welfare Fund;
Louis Mandarini, as he is Trustee, Massachusetts Laborer's
Pension Fund; Charles Bonfiglio, as he is Trustee,
Massachusetts Laborer's Annuity Fund; James Merloni, Jr.,
as he is Trustee, Massachusetts Laborers' Legal Services
Fund; Paul McNally, as he is Trustee, New England Laborers'
Training Trust Fund, Plaintiffs-Appellees-Cross-Appellants,
v.
UNITED STATES FIDELITY AND GUARANTY COMPANY,
Defendant-Appellant-Cross-Appellee.
 Nos. 97-7205, 97-7235.
 United States Court of Appeals,
Second Circuit.
 Argued Feb. 9, 1998.
Decided Aug. 31, 1998.
 
 Susan M. Goldfischer, Boston, MA (Vena & Riley, Boston, MA, on the brief), for Defendant-Appellant-Cross-Appellee.
 Anne R. Sills (Segal, Roitman & Colemen, Boston, MA), Jeffrey Neil Young (McTeague, Higbee, MacAdam, Case, Watson & Cohen, Topsham, ME), and Gordon C. Gebauer (Saxer, Anderson, Wolinsky & Sunshine, Burlington, VT, of counsel), for Plaintiffs-Appellees-Cross-Appellants.
 Before: VAN GRAAFEILAND, JACOBS and LAY,* Circuit Judges.
 VAN GRAAFEILAND, Circuit Judge:
 
 
 1
 This action was brought by several labor union locals (the "unions") against an employer's surety to collect union dues and contributions to employee benefit funds that had been withheld by the employer. The United States District Court for the District of Vermont (Parker, C.J.) granted summary judgment in favor of the unions and both parties appealed. Without reaching the merits, this Court held that the unions were proper parties plaintiff, but concluded that the trustees of the various benefit funds were necessary parties to the action. Accordingly, we remanded the case to the district court to permit the trustees to be joined. That decision is reported at 70 F.3d 741. On remand, the district court (Sessions, J.) granted summary judgment in favor of the unions and the newly joined trustees. The parties again appeal. We now hold that the district court lacked subject-matter jurisdiction because the value of plaintiffs' claims does not satisfy the jurisdictional minimum prescribed by 28 U.S.C. § 1332(a).
 
 BACKGROUND
 
 2
 In 1991, Granger Northern, Inc. entered into a contract with the University of Vermont in which Granger agreed to serve as general contractor for the construction of the University's Emerging Technologies Complex. Granger then contracted with the defendant United States Fidelity and Guaranty Company ("USF & G") for a Labor and Material Payment Bond under which USF & G agreed to indemnify Granger and its subcontractors against the claims of any individuals who provided labor or materials for the project. Thereafter, Granger hired AMCAN, Inc. to serve as a subcontractor on the project.
 
 
 3
 In early 1991, AMCAN signed agreements with the unions, Local 538 United Brotherhood of Carpenters and Joiners of America ("Carpenters"), and Local 522 Laborers' International Union of North America ("Laborers"). Under these agreements, AMCAN agreed to abide by the terms of the unions' collective bargaining agreements in exchange for the right to hire union workers. The bargaining agreements obligated AMCAN to make regular contributions to certain health and welfare benefit funds on behalf of the union workers it hired, and to withhold a portion of each worker's wages to pay union dues. When AMCAN failed to make the contributions and payments, the unions, alleging diversity jurisdiction, sued USF & G, seeking to collect the outstanding payments and contributions pursuant to the terms of the surety bond.
 
 
 4
 During oral argument in the present appeal, we raised sua sponte the question of whether the district court had subject-matter jurisdiction. In particular, we asked whether there was diversity of citizenship between the parties, and whether the value of the plaintiffs' claims exceeded the minimum jurisdictional requirement. Because the parties had not addressed the question of jurisdiction in their briefs, we requested that they submit supplemental letter briefs addressing our jurisdictional concerns. Having received and reviewed the supplemental arguments of the parties, we now consider the question of jurisdiction.
 
 DISCUSSION
 
 5
 In order to establish diversity jurisdiction in 1993, when this suit was brought, the matter in controversy had to exceed the sum or value of $50,000, exclusive of interests and costs. 28 U.S.C. § 1332(a) (West 1993). The party seeking to invoke the diversity jurisdiction of the court bears the burden of demonstrating that the requirements for jurisdiction have been satisfied. Advani Enterprises, Inc. v. Underwriters at Lloyds, 140 F.3d 157, 160 (2d Cir.1998). "[I]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." Chase Manhattan Bank, N.A. v. American Nat'l Bank and Trust Co. of Chicago, 93 F.3d 1064, 1070 (2d Cir.1996) (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288-89, 58 S.Ct. 586, 82 L.Ed. 845 (1938)).
 
 
 6
 The unions and the trustees collectively asserted eleven claims against AMCAN, two of which alleged that the company failed to pay union dues for the workers it had hired, and nine of which alleged that the company failed to make the required contributions to certain funds established to benefit either the members of the Carpenters or members of the Laborers. Counsel for the Carpenters candidly admits in his letter brief to this Court that "no single [union or trustee] has raised a claim which would entitle it to recover on its own an excess of $50,000." Counsel for the Laborers does not dispute this concession.
 
 
 7
 The unions and trustees contend, however, that they can satisfy the jurisdictional amount if they are permitted to aggregate the value of their individual claims. To that end, they propose aggregating the value of all of the claims, or, alternatively, aggregating separately the value of the claims raised on behalf of members of the Carpenters and those raised on behalf of the Laborers. We decline to endorse either formula of aggregation.
 
 
 8
 It is well-established that the claims of several plaintiffs against a common defendant "may be aggregated to reach the jurisdictional minimum 'when [the plaintiffs seek] to enforce a single title or right, in which they have a common and undivided interest.' " Gilman v. BHC Securities, Inc., 104 F.3d 1418, 1422 (2d Cir.1997) (quoting Zahn v. International Paper Co., 414 U.S. 291, 294, 94 S.Ct. 505, 38 L.Ed.2d 511 (1973)). Typically, these cases, referred to as "common fund cases," involve "claims to a piece of land, a trust fund, an estate, an insurance policy, a lien, or an item of collateral, which [the plaintiffs] claim as common owners or in which they share a common interest arising under a single title or right," id. at 1424; they are "matters that cannot be adjudicated without implicating the rights of everyone involved with the res," id. at 1423 (internal quotation marks and citation omitted). Where the claims of the plaintiffs are "separate and distinct," ..., each plaintiff must "satisfy the jurisdictional-amount requirement for suit in the federal courts." Zahn, supra, 414 U.S. at 294, 94 S.Ct. 505.
 
 
 9
 The unions and trustees contend that because on the prior appeal the unions were held to have standing to raise both their own claims for unpaid dues and the claims of the trustees for the unpaid contributions to the benefit funds, 70 F.3d at 743-44, they should be permitted to aggregate the value of the individual claims in order to satisfy the jurisdictional amount. We disagree. There is no correlation between our earlier ruling on standing and the question of subject-matter jurisdiction presently before us. Standing addresses whether the plaintiff is an appropriate party to pursue a particular controversy. See, e.g., Louisiana Environ. Action Network v. Browner, 87 F.3d 1379, 1381 (D.C.Cir.1994). Jurisdiction, whether it be subject-matter or personal, concerns the authority of the court to hear and determine the controversy. See, e.g., United States ex rel. Rudick v. Laird, 412 F.2d 16, 20 (2d Cir.1969) ("[I]t is, in essence, the power to adjudicate the action.").
 
 
 10
 The unions and trustees next contend that they should be permitted to aggregate the value of the claims because, "functionally," all of the claims stem from AMCAN's violation of the collective bargaining contracts with which AMCAN agreed to comply. We again disagree. The workers' right in the present case to seek recompense from USF & G stems not from the unions' collective bargaining contracts with AMCAN, but from the terms of the Labor and Material Payment Bond which USF & G executed on behalf of Granger and its subcontractors. Moreover, "even when the claims arise from a single instrument or the parties have a community of interest ... separate and distinct claims still cannot be aggregated." Wright, Miller & Cooper, 14A Federal Practice and Procedure § 3704.
 
 CONCLUSION
 
 11
 Because the claims of the parties are separate and distinct, they may not be aggregated so as to establish diversity jurisdiction. We therefore vacate the judgment of the district court and remand to that court with instructions to dismiss for lack of subject-matter jurisdiction.
 
 
 
 *
 The Honorable Donald P. Lay of the United States Court of Appeals for the Eighth Circuit, sitting by designation