463 F.2d 1215
 UNITED STATES of America ex rel. James Robert ANACKER,
Petitioner-Appellant,
v.
Major Robert SPARROW, Commanding Officer 4th 105 MM Howitzer
Battery, and General Leonard P. Chapman, Jr.,
Commandant, USMC, Respondents-Appellees.
 No. 71-1814.
 United States Court of Appeals,
 Seventh Circuit.
 Argued May 31, 1972.
Decided June 16, 1972.
 
 Leonard Karlin, Chicago, Ill., for petitioner-appellant.
 James R. Thompson, U. S. Atty., William M. Skretny, John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Chicago, Ill., for respondents-appellees.
 Before KNOCH, Senior Circuit Judge, and KILEY and CUMMINGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Anacker appeals from dismissal of his habeas corpus petition, without a hearing. We affirm.
 
 
 2
 The following facts alleged by Anacker in his petition are taken as true: Anacker resides in Chicago, within the Northern District of Illinois, and since September 12, 1965 was attached to a Marine Corps Reserve Battery in Madison, Wisconsin. His reserve term was to expire September 11, 1971. Before the expiration of his reserve obligation he was ordered into involuntary active duty for a period of ten months, which was well beyond the expiration of his reserve duty. He had satisfactorily attended drills and summer camp, and had performed satisfactorily up to the period of the 1970 summer camp, during which he received the "penalty" of involuntary active duty. He was harassed, discriminated against, refused credit for drill, and threatened with immediate activation and extension of the term of his duty.
 
 
 3
 Based on the foregoing allegation, he charges that respondents denied him constitutional rights under the Fifth, Sixth, Eighth and Thirteenth Amendments of the United States Constitution. He prayed for injunctive relief against enforcement of the orders to active duty, for the production of all records and documents relating to his case, and for a hearing. He also prayed for an order granting him an honorable discharge effective at the expiration date of his reserve duty. On oral motion of respondents the district court dismissed Anacker's petition for failure to state a claim over which the court had jurisdiction.
 
 
 4
 The record contains no written motion to dismiss and leaves us uncertain as to the ground of lack of jurisdiction. However, the government's brief states that respondent Sparrow is a resident of Madison, Wisconsin, and respondent Chapman a resident of Washington, D. C. This is not disputed by Anacker. On authority, therefore, of the recent Supreme Court decision in Schlanger v. Seamans, Secretary of the Air Force, et al., 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed. 2d 251 (1971), we hold that the respondents named as custodians of Anacker in the case before us are not within the jurisdiction of the Northern District of Illinois and are consequently beyond the reach of process of the district court.
 
 
 5
 The Supreme Court more recently decided Strait v. Laird, Secretary of Defense, et al., 406 U.S. 341, 92 S.Ct. 1693, 32 L.Ed.2d 141 decided May 22, 1972, in which the Court held that there was jurisdiction of Strait's habeas corpus petition in a district court in California even though respondents there were physically absent from the jurisdiction of the California district court. However, Strait, in addition to residing in the California district, had never been on active duty, his application for discharge as a conscientious objector was processed in the California district, hearings on the application were held there, and his superiors there recommended his discharge as a conscientious objector. The Supreme Court decided that Strait's only meaningful contact with the Army was in California and that to say that Strait's custodian was amenable to process only in Indiana "would be to exalt fiction over reality," since the record showed that his nominal custodian, "unlike Schlanger's," had enlisted the aid and directed the activities of armed forces personnel in California in his dealing with Strait.
 
 
 6
 None of the factors present in Strait other than residency within the district court district are present here. Schlanger, therefore, rather than Strait, controls our decision.
 
 
 7
 For the reasons given, the judgment of dismissal is
 
 
 8
 Affirmed.