**UNITED STATES of America ex rel. John JENSEN, Petitioner,**

**v.**

**Admiral FLATLEY, Base Commander, Great Lakes, Illinois, and John Lehman, Secretary of the Navy, Respondents.**

**No. 81 C 6581.**

United States District Court, N. D. Illinois, E. D.

May 27, 1982.

Sidney Ezra, Ezra Law Offices, Chicago, Ill., for petitioner.

Kevin Egan, Asst. U. S. Atty., Chicago, Ill., for respondents.

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Petitioner John Jensen ("Jensen"), a Navy seaman assigned to submarine duty aboard the *L. Mendel Rivers* out of Charleston, South Carolina, filed this habeas corpus action during the brief period in which he was absent without leave from his assigned post and in the custody of Admiral Flatley ("Flatley"), Commander of the Great Lakes Naval Base in Great Lakes, Illinois. Jensen had surrendered to the authorities at the Great Lakes base shortly before he filed the instant petition naming Flatley and Secretary of the Navy John Lehman as respondents.[1] Jensen has since voluntarily returned to duty in South Carolina and respondents have filed a motion to dismiss Jensen's petition for want of subject matter jurisdiction since he is no longer in custody within this district and his custodians are beyond the reach of this Court's process.

At the time Jensen filed this petition under 28 U.S.C. § 2241, this Court presumably had jurisdiction to entertain the action since Jensen was "in custody" within this district and his custodian, Flatley, was subject to process within this district. *See, e.g., Meck v. Commanding Officer, Valley Forge General Hospital,* 452 F.2d 758, 760–63 (3d Cir. 1971). Subsequently, however, Jensen removed himself from this district by returning to his base in South Carolina. The Supreme Court has held that once a district court acquires jurisdiction over a petition for habeas corpus relief, the removal of the petitioner does not cause the court to lose its jurisdiction provided that a person with custody of the petitioner remains within the district. *Jones v. Cunningham,* 371 U.S. 236, 243–44, 83 S.Ct. 373, 377, 9 L.Ed.2d 285 (1963). *Ex Parte Mitsuye Endo,* 323 U.S. 283, 65 S.Ct. 208, 89 L.Ed. 243 (1944). In the case at bar, however, the only two persons who could even arguably be said to have custody of Jensen are the Secretary of the Navy, who resides in Washington, D. C., and Jensen's commanding officer in Charleston, South Carolina. *See Schlanger v. Seamans,* 401 U.S. 487, 91 S.Ct. 995, 28 L.Ed.2d 251 (1971); *United States ex rel. Anacker v. Sparrow,* 463 F.2d 1215 (7th Cir. 1972); *United States ex rel. Rudick v. Laird,* 412 F.2d 16 (2d Cir.), *cert. denied,* 396 U.S. 918, 90 S.Ct. 244, 24 L.Ed.2d 197 (1969).

Accordingly, respondents' motion to dismiss is granted. This dismissal is without prejudice to Jensen's right to refile his petition in an appropriate forum.[2] It is so ordered.

---

1. The clerk's records in this matter does not reflect that either respondent was ever served with process in this action. However, that is not necessarily dispositive. *See Ex Parte Mitsuye Endo,* 323 U.S. 283, 305, 65 S.Ct. 208, 220, 89 L.Ed. 243 (1944).

2. Even if this Court were to hold that it somehow retained jurisdiction over this matter upon Jensen's return to South Carolina, it is clear that venue would be improper in this district under 28 U.S.C. § 1391. A more appropriate forum would be either the United States District Court for the District of Columbia or the United States District Court for the District of South Carolina.